Robert J. KILLEEN, Jr., Appellant,

v.

### LIGHTHOUSE ELECTRICAL CONTRACTORS, L.P., Appellee.

No. 04–06–00780–CV.

Court of Appeals of Texas, San Antonio.

Nov. 14, 2007.

2. Mr. White testified, "I was more than confused."

Robert C. Stern, Killeen & Stern, P.C., New Orleans, LA, for Appellant.

Sean B. McNelis, McNelis & Associates, P.L.L.C., San Antonio, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

Appellant Robert J. Killeen, Jr., a resident of Harris County, and Appellee Lighthouse Electrical Contractors, L.P. ("Lighthouse"), whose principal place of business is in Travis County, entered into a contract for electrical work to be performed at Killeen's Travis County residence. A dispute regarding workmanship and costs ensued. After Killeen refused demands by Lighthouse for payment, the parties exchanged correspondence, which Lighthouse interpreted as a settlement agreement. Lighthouse subsequently sued Killeen in Bexar County for breach of settlement agreement. On appeal, Killeen challenges both the trial court's denial of the motion to transfer venue and the granting of summary judgment. Because the record contains probative evidence that a substantial part of the events giving rise to Lighthouse's breach of contract action occurred in Bexar County, we sustain venue in Bexar County. However, because a fact issue exists regarding the formation of the contract, the trial court erred in grant-

ing summary judgment. We, therefore, reverse the order of the trial court and remand for proceedings consistent with this opinion.

### FACTUAL BACKGROUND

Appellant Killeen and Appellee Lighthouse entered into a contract to provide lighting to Killeen's home in Austin in exchange for payment in the amount of $2,984.49. Although Lighthouse and the residence in question were located in Travis County, Killeen lived and resided in Harris County. Upon completion of the work, Killeen sent partial payment, in the amount of $1,500.00, to Lighthouse in Austin, explaining his dissatisfaction with the quality of the work. Killeen refused to pay Lighthouse's repeated demands for the remaining balance of $1,484.89. On December 12, 2005, Lighthouse's attorney, located in Bexar County, sent a written demand to Killeen for payment. One month later, on January 12, 2006, a licensed attorney working for Killeen's law firm, responded to Lighthouse's demand (the "January 12, 2006 letter") as follows:

> We are in receipt of your . . . [demand for] payment for electrical work purportedly performed . . . at Robert Killeen's residence. . . .
>
> Please be advised that we have previously placed Lighthouse on notice that the work allegedly undertaken by it was unnecessary and its charges unreasonable. We further advised that Mr. Killeen has previously offered Lighthouse $1,500.00 in payment for the services. This offer is, to say the least, generous under the circumstances. Not only did Lighthouse's "services" not result in any benefit to Mr. Killeen's property, they occasioned significant damage. . . .
>
> As a result of the deficiencies in Lighthouse's work Mr. Killeen was forced to spend additional funds to repair the defects it left behind. This has resulted in substantial consequential damages to Mr. Killeen's property. Under all of the attendant circumstances, Mr. Killeen will make no further offers to Lighthouse. Further, should Lighthouse elect to file a lien against Mr. Killeen's property he shall pursue all available remedies provided by Texas law. . . .
>
> For the present moment Mr. Killeen is still willing to pay Lighthouse a more than generous $1,500.00 to amicably resolve this matter. Please let us have your advices [sic] at the earliest possible moment.

Shortly thereafter, Lighthouse's attorney responded to Killeen (the "February 2, 2006 letter") as follows:

> Thank you for your letter of January 12, 2006, . . . . In the interest of resolving this debt amicably, this letter shall confirm Lighthouse Electrical Contractors, L.P.'s acceptance of your offer to tender payment of $1,500.00 in full and final resolution of Lighthouse Electrical's claims. I would be pleased to send you a draft mutual release, or review any release that you may propose.
>
> I appreciate your assistance in ensuring an amicable resolution of this matter, and look forward to hearing from you regarding the logistics for receiving the settlement payment this week.

Lighthouse claimed the January 12, 2006 letter was an offer it accepted by the February 2, 2006 letter. Killeen disputed this interpretation and refused payment. Lighthouse then filed suit in Bexar County alleging breach of settlement agreement and Killeen responded by filing a motion to transfer venue to Harris County, Texas, Killeen's domicile. On July 21, 2006, the trial court denied Killeen's motion to transfer venue. Lighthouse subsequently filed a motion for summary judgment, re-

garding its breach of settlement agreement claim, that was granted by the trial court on October 12, 2006. Killeen now appeals the denial of the motion to transfer venue and the trial court's entry of summary judgment in favor of Lighthouse.

## VENUE

██ Venue may be proper in more than one county under the general, mandatory or permissive venue rules. *See GeoChem Tech Corp. v. Verseckes,* 962 S.W.2d 541, 544 (Tex.1998). The plaintiff is given the first choice of the venue in which to file suit, but upon challenge by the defense, bears the burden to prove venue is maintainable in that county. TEX.R. CIV. P. 87(2)(a); *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999) (orig. proceeding); *Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 750 (Tex.App.-San Antonio 1995, writ denied). Lighthouse asserts venue is proper under both Texas Civil Practice and Remedies Code Section 15.002(a)(1) and Section 15.035(a).

### A. Standard of Review

██ An appellate court reviews a trial court's denial of a motion to transfer venue de novo. *Wilson v. Texas Parks & Wildlife Dept.,* 886 S.W.2d 259, 260–62 (Tex. 1994). We, therefore, conduct an independent review of the entire record. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 2002); *Wilson,* 886 S.W.2d at 260–62. If there is any probative evidence in the record demonstrating venue was proper in the county where judgment was rendered, we must uphold the trial court's ruling. *Rosales,* 905 S.W.2d at 748 (holding that review consists of entire record, including the trial on the merits, to determine whether there is any probative evidence that venue was proper).

### B. Texas Civil Practice and Remedies Code Section 15.035(a)

██ We first address Lighthouse's assertion that venue is proper under Texas Civil Practice and Remedies Code Section 15.035(a). TEX. CIV. PRAC. & REM.CODE ANN. § 15.035(a). Specifically, Lighthouse argues the written agreement between Killeen and Lighthouse required Killeen to make payment of $1,500.00 to Lighthouse's counsel located in Bexar County. Section 15.035(a) provides for two locations where venue may be proper in a contract suit requiring performance of an obligation in a particular county:

(1) expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him either in that county; or

(2) in the county in which the defendant has his domicile.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.035(a). Because Bexar County is not the county in which Killeen is domiciled, Lighthouse argues the settlement agreement expressly provides for payment to be sent to Bexar County. Section 15.035(a) applies only when the place of performance is expressly named and the defendant agreed "at the time he executed the instrument to perform his obligation in a particular place other than his place of residence." *WTFO, Inc. v. Braithwaite,* 899 S.W.2d 709, 716 (Tex.App.-Dallas 1995, no writ).

In this case, the February 2, 2006 letter states that Lighthouse looks "forward to hearing from [Killeen] regarding the logistics for receiving the settlement payment." The potential to redesignate "the place of performance at some time in the future ... makes the place of payment uncertain." *Id.* Contrary to Lighthouse's argument, we hold that the February 2, 2006 letter leaves open "the logistics for receiving settlement" and does not expressly require that obligation be performed in

Bexar County. Venue is, therefore, not proper in Bexar County under section 15.035(a). *Id.*

### C. Texas Civil Practice and Remedies Code Section 15.002(a)(1)

We next address the general venue provisions set forth in section 15.002(a)(1) which provides, in part:

all lawsuits shall be brought: (1) in the county in which all or a substantial part of the events or omission giving rise to the claim occurred. . . .

TEX. CIV. PRAC. & REM.CODE. ANN. § 15.002(a)(1). To determine whether a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, we examine the essential elements of Lighthouse's claim. *See Chiriboga v. State Farm Mut. Auto. Ins. Co.,* 96 S.W.3d 673, 681 (Tex.App.-Austin 2003, no pet.) (stating Section 15.002(a)(1) "requires that the basis for venue be a 'substantial part' of the cause of action at issue"). Contract claims generally accrue in any county where the contract was formed, where it was to be performed or where it was breached. *Southern County Mut. Ins. Co. v. Ochoa,* 19 S.W.3d 452, 459 (Tex.App.-Corpus Christi 2000, no pet.).

We agree with Lighthouse that the alleged settlement agreement is wholly independent of the underlying contract for electrical services between Lighthouse and Killeen. "[A] suit for breach of a settlement agreement is separate from the action that was settled. . . ." *Texas A & M University–Kingsville v. Lawson,* 87 S.W.3d 518, 523 (Tex.2002); *see Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 658–59 (Tex.1996). The venue provision is, therefore, tied to the settlement agreement alone. *Mantas,* 925 S.W.2d at 658.

Lighthouse asserts that a substantial part of the events giving rise to the claim for breach of settlement agreement occurred in Bexar County. Specifically, Lighthouse argues demand for payment was prepared and sent from Bexar County, the acceptance of the "offer" was generated and sent from Bexar County, and Killeen was to tender settlement payment to Lighthouse's attorney in Bexar County and additional settlement documents were to be generated in Bexar County.

We previously determined that the February 2, 2006 letter did not require payment or execution of the settlement documents in Bexar County. Therefore, this contact cannot support venue in Bexar County. The record does, however, support the contention that Lighthouse's demand for payment was forwarded from Bexar County and Killeen responded by letter, allegedly accepting the offer, and phone calls were made to Lighthouse's attorney in Bexar County. Thus, there is some probative evidence to support the trial court's determination that a substantial part of the events occurred in Bexar County.

Killeen contends that because he never entered into a contract with Lighthouse, venue could not be based on a contract that did not exist and to which he was never a party. However, this assertion that no breach of contract could exist runs counter to Rule 87(3)(a) which provides:

When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact; provided, however, that no party shall ever be required for venue purposes to support by prima facie proof the existence of a cause of action or part thereof, and at the hearing the pleadings of the parties shall be taken as conclusive on the issues of existence of a cause of action.

TEX.R. CIV. P. 87(3)(a); *In re Jennings,* 203 S.W.3d 32, 36 (Tex.App.-San Antonio 2006) (orig.proceeding). The existence of a cause of action is immune from challenge at the venue hearing. *See* TEX.R. CIV. P. 87(2)(b) ("It shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of a cause of action . . . shall be taken as established as alleged by the pleadings."); *In re Jennings,* 203 S.W.3d at 35–36; *Bleeker v. Villarreal,* 941 S.W.2d 163, 168 (Tex.App.-Corpus Christi 1996, writ dism'd by agr.). Lighthouse's pleadings set forth a cause of action for breach of the settlement agreement. For purposes of venue, Killeen cannot challenge the existence of the contract. Accordingly, we affirm the trial court on this appellate issue.

## SUMMARY JUDGMENT

Killeen contends the trial court erred by granting Lighthouse's motion for summary judgment because there were questions of fact with regard to each element of the contract formation. Killeen also contends that the settlement offer, sent by his associate, was not valid because the associate lacked authority to make an offer.

### A. Standard of Review

We review a summary judgment de novo. In a summary judgment: (1) the movant must first demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, our review takes all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 156 (Tex.2004); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

### B. Existence of a Contract

A valid contract requires (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). To prevail on a breach-of-contract claim, the plaintiff must prove: (1) a valid contract between plaintiff and defendant existed; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the breach. *Id.*

In construing a written contract, we must ascertain and give effect to the parties' intentions as expressed in the document. *Frost Nat'l Bank v. L & F Distribs., Ltd.,* 165 S.W.3d 310, 311–12 (Tex.2005); *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex.2003). We, therefore, look to the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing these provisions with reference to the whole agreement. *Frost Nat'l Bank,* 165 S.W.3d at 312; *J.M. Davidson, Inc.,* 128 S.W.3d at 229. Accordingly, no single provision is taken alone or given controlling effect; "rather, all the provisions must be considered with reference to the whole instrument." *J.M. Davidson, Inc.,* 128 S.W.3d at 229. A contract is unambiguous, and construed as a matter of law, if we can give it a certain or definite legal meaning or interpretation. *Id.; Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983) If an appellate court is unable to harmonize the provisions and give effect to all its clauses, the contract is susceptible to more than one reasonable interpretation and it is ambiguous. *Coker,* 650 S.W.2d at 393;

*United Protective Servs., Inc. v. W. Village Ltd. P'ship*, 180 S.W.3d 430, 432 (Tex. App.-Dallas 2005, no pet.).

### C. Analysis

■ In his response to Lighthouse's motion for summary judgment, Killeen contested each element of the "valid" contract with Lighthouse. More specifically, Killeen contends there was no meeting of the minds or intent to form a contract. To prevail on its summary judgment, Lighthouse was required to show there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166(a); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). Once Lighthouse met its burden, in order to defeat the summary judgment Killeen was required to present evidence raising a fact issue about one element of the plaintiff's cause of action. TEX. R. CIV. P. 166(a).

In support of his argument, Killeen asserts that the December 12th demand letter from Lighthouse, which precipitated the alleged settlement, sought the outstanding amount of $1,484.49. Killeen responded by letter dated January 12th, and it is this letter that constitutes the alleged settlement offer. The first page of the letter consists of complaints by Killeen regarding Lighthouse's work on his home, reference to Killeen's generous previous offer of $1,500.00 and the statement that "Mr. Killeen will make no further offers to Lighthouse." It further threatens legal action if any liens are placed on the home and ends confusingly, with the statement that Killeen is still willing to pay "a more than generous $1500 to amicably resolve this matter." Killeen argues the $1,500.00 reference was to amounts already paid and no additional sums were offered, particu-

larly in light of the demand for a lesser amount. Lighthouse counters that the $1,500.00 was an additional amount only $12.00 more than the demand, and that it was an offer that it accepted.

Based on the record, we cannot, as a matter of law, give a "certain or definite legal meaning or interpretation" to the letter. In one paragraph the letter provides that "Mr. Killeen will make no further offers to Lighthouse." In the next paragraph the letter provides that Killeen is willing to make an offer. The alleged settlement agreement is susceptible to more than one meaning and is therefore ambiguous. *Coker*, 650 S.W.2d at 393. Because a fact issue exists concerning whether there was an offer made, the trial court erred in granting summary judgment.[1]

### CONCLUSION

Lighthouse's pleadings alleged a valid contract and established prima facie proof of venue. The pleadings are taken as conclusive with regard to the existence of a cause of action. TEX.R. CIV. P. 87(3)(a). Accordingly, we affirm the order of the trial court with regard to venue. However, because we hold the settlement agreement is susceptible to more than one meaning, it is ambiguous and a fact issue exists precluding summary judgment. We, therefore, reverse the trial court's summary judgment and remand this matter to the trial court for proceedings consistent with this opinion.

---

1. Because we hold the trial court erred in granting summary judgment we do not ad-
dress Killeen's issue regarding the lack of authority of his associate.