

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-410-CV

IN RE THE GRANITE SHOP                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

Relator The Granite Shop (Granite Shop) seeks a writ of mandamus compelling the trial court to consider and rule on a motion for partial summary judgment. The trial court concluded that it lacked jurisdiction to consider the motion because an earlier summary judgment that had issued in the case was a final judgment and the court's plenary power had expired. We disagree with the trial court's conclusion and conditionally grant the writ.

---

[1]  *See* Tex. R. App. P. 47.4.

In March 2006, Granite Shop sued a corporate defendant, Duro Roccia Marble and Granite, LLC (Corporate Defendant), and three individual defendants, Kevan M. Calhoun, Shannon M. Calhoun, and Shannon R. Trahan (the Individual Defendants), alleging breach of contract and asserting a suit on a sworn account.[2] Over a year later, Granite Shop filed a motion for summary judgment against all defendants. At the hearing on this motion, Granite Shop advised the trial court that the Individual Defendants' response raised a fact issue and that Granite Shop wished to proceed only against Corporate Defendant. The trial court acknowledged that Granite Shop's summary judgment motion against the Individual Defendants "will not be heard today."

After the hearing, in June 2007, the trial court signed a judgment granting summary judgment for Granite Shop against Corporate Defendant. The judgment contains a handwritten notation that "Plaintiff did not proceed with summary judgment against the INDIVIDUAL DEFENDANTS," but it also states that "[a]ll relief not expressly granted is hereby denied" and that "[t]his Judgment shall represent a full and final disposition of all claims brought by all parties."

---

[2] This Court requested a response to Granite Shop's mandamus petition but the Individual Defendants have not filed one. *See* Tex. R. App. P. 52.4, 52.8(b)(1). Accordingly, we will take as true all facts alleged in Granite Shop's verified mandamus petition.

In October 2007, Granite Shop filed a motion for partial summary judgment against the Individual Defendants. That motion was heard in early December 2007. Later that month, Granite Shop contacted the court coordinator to check on the status of the motion and was informed that the trial court believed it lacked jurisdiction over the Individual Defendants because the June 2007 judgment finalized the case.

In February 2008, Granite Shop filed a motion seeking clarification of the trial court's position regarding its jurisdiction. In April 2008, the trial court entered an order stating that it does not have jurisdiction to consider the summary judgment motion against the Individual Defendants because the June 2007 judgment "disposes of the entire case."

Granite Shop filed a petition for writ of mandamus with this court asserting that the trial court's conclusion that it lacked jurisdiction was an abuse of discretion. Granite Shop urges that the June 2007 order was not final because it did not clearly and unequivocally dispose of all parties and all claims. We agree.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.[3] A trial court has no discretion in

---

[3] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

3

determining what the law is or in applying the law to the facts.[4] Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.[5]

Mandamus relief requires the existence of a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal to so act.[6] When a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial.[7] Thus, a trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time.[8] The factors to be considered in determining whether a trial court abused its discretion by refusing to rule on a pending

---

[4] *Id.*

[5] *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding).

[6] *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)(orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

[7] *See Ex Parte Bates*, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

[8] *See In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *Bates*, 65 S.W.3d at 134–35.

4

motion include "the trial court's actual knowledge of the motion [and] its overt refusal to act on same."[9]

Granite Shop, in seeking a ruling on its partial summary judgment motion against the Individual Defendants, specifically moved the trial court to enter an order regarding its jurisdiction. The trial court's order holding that it lacked jurisdiction states that "the Court will neither grant nor deny [Granite Shop's] Motion for Partial Summary Judgment as against [Individual Defendants]." Accordingly, Granite Shop is entitled to mandamus relief if the trial court's holding that the June 2007 order made the case final is incorrect.[10]

The Supreme Court of Texas concluded in *Lehmann v. Har-Con Corp.*[11] that a judgment without a trial on the merits is not final "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."[12] Granite Shop acknowledges that the June 2007 judgment contains language — "This judgment shall represent a full and final disposition of all claims brought by all parties" —

---

[9] *Bates*, 65 S.W.3d at 135; *see also Blakeney*, 254 S.W.3d at 661.

[10] *See Shredder*, 225 S.W.3d at 679; *Bates*, 65 S.W.3d at 134–35.

[11] 39 S.W.3d 191 (Tex. 2001).

[12] *Id.* at 205; *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005)(orig. proceeding).

that, absent more, would appear to make that judgment final and appealable.[13]

Granite Shop argues, however, that the judgment is ambiguous because of the handwritten language—"Plaintiff did not proceed with Summary Judgment against THE INDIVIDUAL DEFENDANTS"—which indicates that Granite Shop has pending claims against other defendants.

In determining whether a judgment is ambiguous, we apply the same rules we would use to ascertain the meaning of other written instruments.[14] We agree with Granite Shop that the June 2007 judgment is ambiguous as to its finality. On the one hand, the order expressly acknowledges unresolved claims in the handwritten notation, while on the other it contains language that clearly and unequivocally indicates finality.[15]

---

[13] *See Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention."); *see also Burlington Coat*, 167 S.W.3d at 830.

[14] *See Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 474 (Tex. App.—Fort Worth 2007, no pet.) ("The same rules of interpretation apply in construing the meaning of court orders as in ascertaining the meaning of other written instruments.") (citing *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971)).

[15] *See Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 350 (Tex. App.—San Antonio 2007, pet. denied) (holding that settlement agreement is ambiguous where "[i]n one paragraph [it] provides that 'Mr. Killeen will make no further offers to Lighthouse' [and] [i]n the next paragraph [it] provides that Killeen is willing to make an offer").

When it is not clear whether a summary judgment is final, we determine finality from both the language of the judgment and the record in the case.[16] Here, the record resolves the ambiguity. During the summary judgment hearing, Granite Shop indicated and the trial court acknowledged that the Individual Defendants' response to Granite Shop's summary judgment motion raised fact issues and that Granite Shop would be proceeding only against the Corporate Defendant. The trial court stated during the hearing that Granite Shop's "motion for summary judgment against [the Individual Defendants] simply will not be heard today." Based on these facts, we conclude that the June 2007 judgment did not resolve Granite Shop's claims against the Individual Defendants. Accordingly, that judgment was interlocutory and the trial court retains jurisdiction over this case.

Based on the record presented, we conclude that the trial court has no discretion to refuse to rule on Granite Shop's partial summary judgment motion against the Individual Defendants. We, therefore, conditionally grant the writ of mandamus and instruct the trial court to vacate its April 2, 2008 order that the June 2007 judgment was final and to proceed to hear and act on Granite

---

[16] *See Lehmann*, 39 S.W.3d at 195.

Shop's partial summary judgment motion.[17] The writ will issue only if the trial court fails to do so.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: February 24, 2009

---

[17] We note that "[w]hile we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be." *Blakeney*, 254 S.W.3d at 661; *see also Shredder Co.*, 225 S.W.3d at 680. Nor are we instructing the trial court as to when it must make a decision. *See Shredder Co.*, 225 S.W.3d at 679 ("What is considered a reasonable amount of time is dependent upon the circumstances of each case."); *Bates*, 65 S.W.3d at 135.