COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-410-CV

 

 

IN RE THE GRANITE SHOP                                                       RELATOR

 

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Relator The Granite Shop (Granite Shop) seeks a
writ of mandamus compelling the trial court to consider and rule on a motion
for partial summary judgment.  The trial
court concluded that it lacked jurisdiction to consider the motion because an
earlier summary judgment that had issued in the case was a final judgment and
the court=s plenary power had
expired.  We disagree with the trial
court=s
conclusion and conditionally grant the writ.








In March 2006, Granite Shop sued a corporate
defendant, Duro Roccia Marble and Granite, LLC (Corporate Defendant), and three
individual defendants, Kevan M. Calhoun, Shannon M. Calhoun, and Shannon R.
Trahan (the Individual Defendants), alleging breach of contract and asserting a
suit on a sworn account.[2]  Over a year later, Granite Shop filed a
motion for summary judgment against all defendants.  At the hearing on this motion, Granite Shop
advised the trial court that the Individual Defendants=
response raised a fact issue and that Granite Shop wished to proceed only
against Corporate Defendant.  The trial
court acknowledged that Granite Shop=s
summary judgment motion against the Individual Defendants Awill not
be heard today.@

After the hearing, in June 2007, the trial court
signed a judgment granting summary judgment for Granite Shop against Corporate
Defendant.  The judgment contains a
handwritten notation that APlaintiff
did not proceed with summary judgment against the INDIVIDUAL DEFENDANTS,@ but it
also states that A[a]ll relief not expressly
granted is hereby denied@ and that A[t]his
Judgment shall represent a full and final disposition of all claims brought by
all parties.@








In October 2007, Granite Shop filed a motion for
partial summary judgment against the Individual Defendants.  That motion was heard in early December
2007.  Later that month, Granite Shop
contacted the court coordinator to check on the status of the motion and was
informed that the trial court believed it lacked jurisdiction over the
Individual Defendants because the June 2007 judgment finalized the case. 

In February 2008, Granite Shop filed a motion seeking
clarification of the trial court=s
position regarding its jurisdiction.  In
April 2008, the trial court entered an order stating that it does not have
jurisdiction to consider the summary judgment motion against the Individual
Defendants because the June 2007 judgment Adisposes
of the entire case.@

Granite Shop filed a petition for writ of
mandamus with this court asserting that the trial court=s
conclusion that it lacked jurisdiction was an abuse of discretion.  Granite Shop urges that the June 2007 order
was not final because it did not clearly and unequivocally dispose of all
parties and all claims.  We agree.








Mandamus relief is proper only to correct a clear
abuse of discretion when there is no adequate remedy by appeal.[3]  A trial court has no discretion in
determining what the law is or in applying the law to the facts.[4]  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion and
may result in mandamus.[5]

Mandamus relief requires the existence of a legal
duty to perform a nondiscretionary act, a demand for performance of that act,
and a refusal to so act.[6]  When a motion is properly filed and pending
before a trial court, the act of considering and resolving it is ministerial.[7]  Thus, a trial court commits a clear abuse of
discretion when it refuses to rule on a pending motion within a reasonable
amount of time.[8]  The factors to be considered in determining
whether a trial court abused its discretion by refusing to rule on a pending
motion include Athe trial court=s actual
knowledge of the motion [and] its overt refusal to act on same.@[9]








Granite Shop, in seeking a ruling on its partial
summary judgment motion against the Individual Defendants, specifically moved
the trial court to enter an order regarding its jurisdiction.  The trial court=s order
holding that it lacked jurisdiction states that Athe
Court will neither grant nor deny [Granite Shop=s]
Motion for Partial Summary Judgment as against [Individual Defendants].@  Accordingly, Granite Shop is entitled to
mandamus relief if the trial court=s
holding that the June 2007 order made the case final is incorrect.[10]








The Supreme Court of Texas concluded in Lehmann
v. Har-Con Corp.[11]
that a judgment without a trial on the merits is not final Aunless
it actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and all parties.@[12]  Granite Shop acknowledges that the June 2007
judgment contains languageCAThis
judgment shall represent a full and final disposition of all claims brought by
all parties@C that,
absent more, would appear to make that judgment final and appealable.[13]  Granite Shop argues, however, that the
judgment is ambiguous because of the handwritten languageCAPlaintiff
did not proceed with Summary Judgment against THE INDIVIDUAL DEFENDANTS@Cwhich
indicates that Granite Shop has pending claims against other defendants.

In determining whether a judgment is ambiguous,
we apply the same rules we would use to ascertain the meaning of other written
instruments.[14]  We agree with Granite Shop that the June 2007
judgment is ambiguous as to its finality. 
On the one hand, the order expressly acknowledges unresolved claims in
the handwritten notation, while on the other it contains language that clearly
and unequivocally indicates finality.[15]








When it is not clear whether a summary judgment
is final, we determine finality from both the language of the judgment and the
record in the case.[16]  Here, the record resolves the ambiguity.  During the summary judgment hearing, Granite
Shop indicated and the trial court acknowledged that the Individual Defendants=
response to Granite Shop=s summary judgment motion raised
fact issues and that Granite Shop would be proceeding only against the
Corporate Defendant.  The trial court
stated during the hearing that Granite Shop=s Amotion
for summary judgment against [the Individual Defendants] simply will not be
heard today.@ 
Based on these facts, we conclude that the June 2007 judgment did not
resolve Granite Shop=s claims against the Individual
Defendants.  Accordingly, that judgment
was interlocutory and the trial court retains jurisdiction over this case.








Based on the record presented, we conclude that
the trial court has no discretion to refuse to rule on Granite Shop=s
partial summary judgment motion against the Individual Defendants.  We, therefore, conditionally grant the writ
of mandamus and instruct the trial court to vacate its April 2, 2008 order that
the June 2007 judgment was final and to proceed to hear and act on Granite Shop=s
partial summary judgment motion.[17]  The writ will issue only if the trial court
fails to do so.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DELIVERED:  February 24, 2009











[1]See Tex. R. App. P. 47.4.





[2]This Court requested a
response to Granite Shop=s mandamus petition but
the Individual Defendants have not filed one. 
See Tex. R. App. P. 52.4, 52.8(b)(1).  Accordingly, we will take as true all facts
alleged in Granite Shop=s verified mandamus
petition.





[3]In re Prudential Ins. Co.
of Am.,
148 S.W.3d 124, 135B36 (Tex. 2004) (orig. proceeding).





[4]Id.





[5]Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992)(orig. proceeding).





[6]See Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979)(orig. proceeding); In re Blakeney, 254 S.W.3d 659, 661 (Tex.
App.CTexarkana 2008, orig.
proceeding).





[7]See Ex Parte Bates, 65 S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig.
proceeding); Safety‑Kleen Corp. v. Garcia, 945 S.W.2d 268, 269
(Tex. App.CSan Antonio 1997, orig.
proceeding).





[8]See In re Shredder Co., 225 S.W.3d 676, 679
(Tex. App.CEl Paso 2006, orig.
proceeding); Bates, 65 S.W.3d at 134B35.





[9]Bates, 65 S.W.3d at 135; see
also Blakeney, 254 S.W.3d at 661.





[10]See Shredder, 225 S.W.3d at 679; Bates,
65 S.W.3d at 134B35.





[11]39 S.W.3d 191 (Tex.
2001).





[12]Id. at 205; see also In
re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 830
(Tex. 2005)(orig. proceeding).





[13]See Lehmann, 39 S.W.3d at 206 (AA statement like, >This judgment finally
disposes of all parties and all claims and is appealable=, would leave no doubt
about the court=s intention.@); see also Burlington
Coat, 167 S.W.3d at 830.





[14]See Lal v. Harris
Methodist Fort Worth, 230 S.W.3d 468, 474 (Tex. App.CFort Worth 2007, no pet.) (AThe same rules of
interpretation apply in construing the meaning of court orders as in
ascertaining the meaning of other written instruments.@) (citing Lone Star
Cement Corp. v. Fair, 467 S.W.2d 402, 404B05 (Tex. 1971)).





[15]See Killeen v. Lighthouse
Elec. Contractors, L.P., 248 S.W.3d 343, 350 (Tex. App.CSan Antonio 2007, pet. denied) (holding that
settlement agreement is ambiguous where A[i]n one paragraph [it] provides that >Mr. Killeen will make no
further offers to Lighthouse= [and] [i]n the next paragraph [it] provides that
Killeen is willing to make an offer@).





[16]See Lehmann, 39 S.W.3d at 195.





[17]We note that A[w]hile we have
jurisdiction to direct the trial court to make a decision, we may not tell the
court what that decision should be.@  Blakeney,
254 S.W.3d at 661; see also Shredder Co., 225 S.W.3d at 680.  Nor are we instructing the trial court as to
when it must make a decision.  See
Shredder Co., 225 S.W.3d at 679 (AWhat is considered a reasonable amount of time is
dependent upon the circumstances of each case.@); Bates, 65
S.W.3d at 135.