

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-106-CV

IN RE PERVEZ DAREDIA                                           RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]
------------

## I. Introduction

Relator Pervez Daredia filed a petition for writ of mandamus asking this court to order the Respondent, Judge Doug Robison of the 393rd District Court, to vacate the trial court's order granting the motion for judgment nunc pro tunc and the interlocutory default judgment of real parties in interest American Express Centurion Bank and American Express Bank (jointly "American Express"). Daredia further requests that this court enter a finding that the

------------

[1] *See* Tex. R. App. P. 47.4.

judgment signed on July 2, 2007, is a full and final judgment.  We deny Daredia's petition for writ of mandamus.

**II. Factual and Procedural Background**

On May 10, 2007, American Express brought suit against Daredia and Map Wireless, Inc. for monies owed on several American Express credit accounts opened and utilized by Daredia and Map Wireless.  On June 4, 2007, Daredia filed an answer.  Map Wireless did not file an answer.  On June 23, 2007, American Express filed a motion for default judgment and a proposed judgment.  On July 2, 2007, the trial court signed a default judgment which contained the language— "All relief not expressly granted herein is denied.  This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL."

On October 29, 2008, American Express filed a motion for judgment nunc pro tunc in which it stated that its counsel had made typographical errors in both the motion for entry of judgment and the default judgment.  It was American Express's contention that the July 2007 judgment should only have disposed of Map Wireless and not Daredia.  The motion further noted that Map Wireless was the only defendant that had failed to answer and that no relief had been sought against Daredia in the motion for entry of default judgment.

2

American Express asked the trial court to enter a "nunc pro tunc interlocutory default judgment" to dispose solely of its claims against Map Wireless.

A hearing was set to take place on December 1, 2008, on American Express's motion for judgment nunc pro tunc, but an objection was made to the visiting judge, and no hearing took place. Thereafter, on December 18, 2008, Judge Vicki Isaacks, at that time the presiding judge of the 393rd District Court, made a notation on the docket sheet indicating that the motion for judgment nunc pro tunc was granted. Judge Isaacks did not sign an order on the motion before her term expired on December 31, 2008. Respondent began his term as judge of the 393rd District Court on January 1, 2009.

Respondent held a hearing on February 22, 2009, on American Express's motion to sign an order on the motion for judgment nunc pro tunc. During the hearing, Respondent stated that he believed that signing the order may be a ministerial act because Judge Isaacks had already made a docket entry indicating that she had granted the motion. Thereafter, on February 24, 2009, Respondent signed an order granting the motion for judgment nunc pro tunc, which vacated the July 2, 2007 default judgment, reinstated the case, and ordered the parties to confer and submit a Level 2 scheduling order to the court. That same day, Respondent also signed an interlocutory default judgment nunc pro tunc granting American Express's requested relief against Map Wireless.

3

**III. Analysis**

Daredia contends that Respondent erred by granting American Express's motion for judgment nunc pro tunc and by signing the interlocutory default judgment. Specifically, Daredia argues that the trial court lacked jurisdiction to vacate the final judgment because the February 24, 2009 orders were entered long after the trial court lost plenary jurisdiction. *See* Tex. R. Civ P. 329b. Daredia also argues that American Express was not entitled to the relief sought because a judgment nunc pro tunc cannot be used to vacate a final judgment and enter a new interlocutory judgment outside the trial court's plenary jurisdiction. *See Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (Tex. 1997); *Nguyen v. Woodley*, 273 S.W.3d 891, 896 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Daredia further argues that, even if a final judgment can be vacated by a judgment nunc pro tunc, there is no evidence of a clerical error in this case; therefore, the trial court erred by granting the motion for judgment nunc pro tunc. *See* Tex. R. Civ. P. 316, 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). Lastly, Daredia contends the trial court erred by not requiring American Express to provide clear and convincing evidence of a clerical error. *See In re Broussard*, 112 S.W.3d 827, 833 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

4

American Express argues that the trial court was well within its discretion to grant the motion for judgment nunc pro tunc because it was merely correcting a clerical error. Specifically, American Express contends that the trial court

> (a) recognized that the proposed judgment submitted by counsel contained an error because it purported to enter a default judgment against both defendants instead of just the corporate defendant, (b) then attempted to correct that error itself, but (c) committed its own error by failing to conform the entire order consistent with its obvious intention.

When the trial court loses plenary power over a judgment, it also generally lacks the authority to vacate the judgment. *See* Tex. R. Civ. P. 329b(f); *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (explaining that the trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment is limited to a maximum of one hundred and five days after the judgment is signed). Proceedings related to the trial court's judgment after its plenary power has expired are generally beyond the trial court's jurisdiction. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *Coleman v. Sitel Corp*., 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.) (holding that after the trial court's plenary power expired, the trial court had no jurisdiction to change or vacate its judgment); *Moore v. Brown*, 993 S.W.2d 871, 874 (Tex. App.—Fort Worth

5

1999, pet. denied) (stating that once "a trial court's plenary power has expired, it has no jurisdiction to modify or change its original judgment except by bill of review"); *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."). Here, we must determine if the July 2007 judgment was a final judgment rendering the signing of the February 24, 2009 orders outside of the trial court's plenary power.

The Supreme Court of Texas has concluded that a judgment without a trial on the merits is not final "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding); *In re Granite Shop*, No. 02-08-00410-CV, 2009 WL 485696, at *1, *3 (Tex. App.—Fort Worth, Feb. 24, 2009, orig. proceeding). Daredia contends that the July 2007 judgment is a final judgment because it contains language indicating that "[a]ll relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." The quoted language, absent more, would appear to make that judgment final and appealable. *See Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This

6

judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention."); *see also Burlington Coat*, 167 S.W.3d at 830.

American Express appears to argue that its counsel's drafting errors and Judge Isaacks's edits rendered the July 2007 judgment ambiguous because the judgment did not dispose of its claims against Daredia. In determining whether a judgment is ambiguous, we apply the same rules we would use to ascertain the meaning of other written instruments. *See Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 474 (Tex. App.—Fort Worth 2007, no pet.) ("The same rules of interpretation apply in construing the meaning of court orders as in ascertaining the meaning of other written instruments."). Here, the order fails to address any of American Express's claims against Daredia, yet it contains language that clearly and unequivocally indicates that it is a final judgment. *See Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 350 (Tex. App.—San Antonio 2007, pet. denied). We agree with American Express that the judgment is ambiguous on its face. *See id.*

When it is not clear whether a summary judgment is final, we determine finality from both the language of the judgment and the record in the case. *See Lehmann*, 39 S.W.3d at 195. Here, the record resolves the ambiguity. On May 10, 2007, American Express brought suit against Daredia and Map Wireless for

7

their failure to make payments on several credit accounts. The suit sought judgment against Daredia and Map Wireless for $769,789.91 plus interest, costs, and attorney's fees. On June 4, 2007, Daredia filed his original answer. Map Wireless failed to file an answer. On June 23, 2007, American Express filed its motion for entry of default judgment in which it stated that Map Wireless was in default for failing to appear and answer and sought judgment against Map Wireless for the damages pled in its suit against Map Wireless. American Express sought no relief against Daredia in the motion for entry of default judgment, and the July 2007 default judgment, which was prepared by American Express, does not speak to the claims against Daredia.

Based on these facts, we conclude that the July 2007 judgment did not resolve American Express's claims against Daredia; therefore, the judgment was interlocutory, and the trial court retains jurisdiction over this case. *See Lehmann*, 39 S.W.3d at 205; *Granite Shop*, 2009 WL 485696, at *3. Because the trial court retains jurisdiction over this case, the trial court did not abuse its discretion by signing the February 24, 2009 orders as the trial court was within its plenary power to correct or modify the interlocutory judgment to clarify that the claim against Daredia is still pending. *See DeGroot*, 260 S.W.3d at 662. Because of our holding that the trial court retained jurisdiction over this case, we need not address Daredia's remaining arguments regarding the nature of the

8

error in the July 2007 judgment. *See* Tex. R. App. P. 47.1. Accordingly, Daredia's petition for writ of mandamus is denied.


                                        ANNE GARDNER
                                        JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED:  October 20, 2009