# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-11-00310-CV

**Refugio Robles Rayas, Appellant**

**v.**

**Texas Mutual Insurance Company and Insurance Company of the State of Pennsylvania, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-10-000424, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated December 18, 2012, and substitute the following opinion and judgment in their place. We deny appellant's motion for rehearing.

Refugio Robles Rayas appeals the trial court's transfer of venue in his suit for judicial review of a workers' compensation claim. Rayas, a citizen of Mexico, filed suit in Maverick County against Texas Mutual Insurance Company and Insurance Company of the State of Pennsylvania (ICSOP). Texas Mutual and ICSOP filed motions to transfer venue. The trial court granted the motions and transferred the suit to Travis County, where the trial court granted summary judgment in favor of Texas Mutual and ICSOP. For the reasons that follow, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Rayas is a citizen of Mexico who was working in Texas under an H-2B visa in 2007 when he suffered an on-the-job injury.[1]  Contending that he was employed by National Concrete Construction at the time of his injury, Rayas filed a workers' compensation claim against Texas Mutual and ICSOP, both alleged to be insurers of National Concrete Construction.  *See* Tex. Lab. Code Ann. § 409.003 (West 2006) (Claim for Compensation).  The Texas Department of Insurance, Workers' Compensation Division (DWC) entered a decision and order, which the DWC appeals panel adopted, denying Rayas's claim on the ground that he was an independent contractor at the time of his injury and his injury was therefore not compensable.  *See generally id.* §§ 410.001–.209 (West 2006 & Supp. 2012) (governing adjudication of workers' compensation claim disputes).  Rayas appealed the decision, filing a suit for judicial review in Maverick County.  *See generally id.* §§ 410.301–.308 (West 2006 & Supp. 2012) (governing judicial review of issues regarding compensability or income or death benefits).  Rayas also filed affidavits of inability to pay costs and a jury fee.

In his petition, Rayas contended venue was proper in Maverick County under section 410.252(b)(1) of the labor code—which provides that an injured employee must file suit for judicial review in the county where the employee resided at the time of the injury, *see id.* § 410.252(b)(1)

---

[1]  The H-2B program allows U.S. employers to bring foreign nationals to the U.S. to fill temporary non-agricultural jobs. *See* U.S. Citizenship and Immigration Services, http://www.uscis. gov/portal/site/uscis/menuitem.eb1d4c2a3e5b9ac89243c6a7543f6d1a/?vgnextoid=d1d333e55927 4210VgnVCM100000082ca60aRCRD&vgnextchannel=d1d333e559274210VgnVCM10000008 2ca60aRCRD (last visited Dec. 13, 2012).

(West Supp. 2012)—because Maverick County is the closest Texas county to Nava, Coahila, Mexico, where he resided at the time of the injury. Texas Mutual and ICSOP filed motions to transfer venue arguing that Maverick County is not a county of proper venue under section 410.252 because Rayas did not reside there and that the trial court should apply the general venue rule and transfer the suit to Smith County, where the accident occurred, or alternatively to Travis County, where Texas Mutual's principal place of business is located. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(1), (3) (West 2002). In the alternative, ICSOP also argued for transfer to Dallas County, where its principal place of business is located. *See id.* § 15.002(3). Rayas filed a response in which he pleaded residency in Mexico and argued that Smith County was not a proper county of venue because he had not resided there and that venue in Maverick County was mandatory under section 410.252(b)(1). Rayas did not attach any affidavits or other evidence to his response. The trial court granted the motions to transfer venue and ordered the suit transferred to Travis County. Texas Mutual and ICSOP subsequently filed motions for summary judgment, which the trial court granted. Rayas appeals only the trial court's transfer of venue.

## DISCUSSION

**Venue**

Venue may be proper in more than one county under the general, mandatory or permissive venue rules. *See id.* §§ 15.001–.040 (West 2002 & Supp. 2012); *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 347 (Tex. App.—San Antonio, 2007, pet. denied) (citing *GeoChem Tech Corp.*

3

*v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998)). The plaintiff is given the "first choice" of venue but, if venue is properly challenged, bears the burden of proving that venue is maintainable in the county of suit. *See* Tex. R. Civ. P. 87(2)(a); *Wilson*, 886 S.W.2d at 260; *Killeen*, 248 S.W.3d at 347; *Chiriboga v. State Farm Mut. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.). Generally, if the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another county of proper venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1) (West 2002); *Wilson*, 886 S.W.2d at 260. In addition, section 410.252(c) of the labor code provides that if suit is filed in a county other than as specified in section 410.252(b), the court shall transfer the case to a proper county under subsection (b). *See* Tex. Lab. Code Ann. § 410.252(c) (West Supp. 2012). Section 410.252(b)(1) requires suit to be filed in the employee's county of residence at the time of the injury. *See id.* § 410.252(b)(1).[2]

**Standard of Review**

The standard for reviewing a trial court's decision on a motion to transfer venue is prescribed by section 15.064(b) of the civil practice and remedies code, which provides:

> On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

---

[2] Section 410.252(b)(2) prescribes venue for cases of occupational disease and is inapplicable in this case. *See* Tex. Lab. Code Ann. § 410.252(b)(2) (West Supp. 2012).

Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (West 2002); *Wilson*, 886 S.W.2d at 261 (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993)). We conduct an independent review of the entire record to determine whether there is any probative evidence to support the trial court's decision. *Wilson*, 886 S.W.2d at 261–62; *Ruiz*, 868 S.W.2d at 758; *Chiriboga*, 96 S.W.3d at 677. If there is any probative evidence in the record demonstrating that venue was proper in the county where judgment was rendered, the appellate court must uphold the trial court's determination. *Ruiz*, 868 S.W.2d at 758; *Killeen*, 248 S.W.3d at 347; *Chiriboga*, 96 S.W.3d at 678. We view the record in the light most favorable to the trial court's ruling but do not defer to the trial court's application of the law. *Ruiz*, 868 S.W.2d at 758; *Chiriboga*, 96 S.W.3d at 677–78.

Rayas's issues also involve matters of statutory construction, which is a question of law that we review de novo. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Of primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

## Mandatory Venue under Section 410.252(b) of the Labor Code

In his first issue, Rayas contends that the trial court erred in transferring the case to Travis County because it is not a county of proper venue and because under section 410.252(b)(1) of the labor code, venue is mandatory in Maverick County as the county nearest his residence at the time of his injury. Section 410.252(b)(1) does provide for mandatory venue, but in the employee's

5

*county of residence at the time of the injury*. *See* Tex. Lab. Code Ann. § 410.252(b)(1) (party

bringing suit *must* file petition in county where employee resided at time of injury); *Campos v. Texas*

*Prop. & Cas. Ins. Guar. Ass'n*, 282 S.W.3d 226, 230 (Tex. App.—Austin 2009, no pet.). Rayas

presented no affidavits or other evidence establishing Maverick County as his residence. In fact,

Rayas does not contend that he lived in Maverick County at the time of his injury; instead, he

affirmatively pleaded that he resided in Mexico at that time and cites Maverick County as the

mandatory county of venue only because of its proximity to his residence in Mexico. However, there

is no provision in section 410.252 for venue in the Texas county nearest a non-resident's place of

residence.[3] Therefore, applying the plain language of the statute, *see Marks*, 319 S.W.3d at 663,

we conclude that on this record there is no basis under section 410.252(b) for venue in

Maverick County.

**Requirement to Transfer under Section 410.252(c) of the Labor Code**

Because there is no basis for venue in Maverick County, the trial court was required

to transfer the suit to a county of proper venue. Section 410.252(c) provides:

---

[3] To the extent Rayas complains of the absence of a venue provision for non-resident workers' compensation claimants, we must leave such matters to the legislature. We may not "rewrite legislation [to make it] more equitable or more inclusive." *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 523 (Tex. 1995); *see Texas State Bd. of Barber Exam'rs v. Beaumont Barber College*, 454 S.W.2d 729, 732 (Tex. 1970) ("It is not the function of the courts to judge the wisdom of a legislative enactment."). Instead, we look to the express terms of the statute, *see Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009), and apply the plain meaning of the text, *see Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

> If suit under this section is filed in a county other than the county described by Subsection (b), the court, on determining that it does not have jurisdiction to render judgment on the merits of the suit, *shall* transfer the case to a proper court in a county described by Subsection (b).

Tex. Lab. Code Ann. § 410.252(c) (emphasis added); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1) (West 2002) (on proper motion trial court *shall* transfer action to another county of proper venue if county in which action is pending is not proper county of venue). Rayas argues that even if venue is improper under section 410.252(b), the Maverick County trial court was not authorized to transfer this case because section 410.252(c) provides that the court shall transfer the case only "on determining that it does not have jurisdiction to render judgment on the merits of the suit." *See* Tex. Lab. Code Ann. § 410.252(c). Rayas contends that the venue provision is not jurisdictional and, since the Maverick County trial court had jurisdiction to hear the case, the court could not transfer it.

Rayas is correct that despite the use of the word "jurisdiction," the cited language of section 410.252(b) is not jurisdictional in the sense that it deprived the court of authority to act. "Filing suit in the wrong county does not deprive the court of subject matter jurisdiction." *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 n.1 (Tex. 2007) (quoting *University of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex. 2004) (internal quotations omitted). "Jurisdiction" has many meanings, and here it is clear that the legislature meant something other than a court's power to adjudicate a case. *See id.*; *see also Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 666 (Tex. App.—Dallas 2008, no pet.) (observing that references in 410.252 to "venue" seem to be contradicted by reference to "jurisdiction" but finding "dicta" in *Morales*

persuasive and concluding that argument based on section 410.252(c) raised matter of venue, not subject matter jurisdiction); *Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 473 (Tex. App.—Austin 2002, no pet.) ("By its terms, section 410.252 applies to the venue of an appeal to the district court, not the district court's jurisdiction to hear a particular type of case."). It follows, however, that in order to transfer a case under section 410.252(c), a trial court need only conclude that venue is improper under section 410.252(b), a conclusion the trial court reached that we have already determined to be correct. In short, the Maverick County district court had jurisdiction to transfer the suit and was required to do so. *See* Tex. Lab. Code Ann. § 410.252(c); *Hafley*, 96 S.W.3d at 473.

**Venue in Travis County**

We turn then to the trial court's choice of Travis County as a county of proper venue. Rayas argues that because Travis County was not his county of residence at the time of his injury, it is not a proper county of venue under the mandatory requirement of section 410.252(b)(1). However, it is undisputed that Rayas did not have a Texas county of residence at the time of his injury. Consequently, although section 410.252(b) generally applies to suits for judicial review of a workers' compensation claims, here there is no county of proper venue under section 410.252(b). Thus, despite its "mandatory" nature, section 410.252(b) cannot be applied on the facts of this case. We find this circumstance analogous to one in which no mandatory or permissive venue provision applies and, in the absence of a statutory provision addressing venue for non-resident workers' compensation claimants, we conclude that on these specific facts, venue is governed by the general venue rule contained in section 15.002(a) of the civil practice and remedies code. *See* Tex. Civ.

Prac. & Rem. Code Ann. § 15.002(a) (West 2002); *Unauthorized Practice of Law Comm. v. Nationwide Mut. Ins. Co.*, 155 S.W.3d 590, 596 (Tex. App.—San Antonio 2004, pet. denied) (venue governed by general venue statute where no mandatory or specific permissive venue provision applied); *Chiriboga*, 96 S.W.3d at 678 (same).

Section 15.002(a)(3) provides that venue is proper is the county of the defendant's principal place of business if the defendant is not a natural person. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3). Texas Mutual, a corporate defendant, presented undisputed evidence that its principal place of business is located in Travis County. Therefore, we conclude that Travis County is a county of proper venue under the general venue provision and the trial court did not err in transferring the suit to Travis County. We overrule Rayas's first issue.

**Open Courts Provision**

In his second issue, Rayas argues that because there is no venue provision for non-resident workers' compensation claimants, it is impossible for him to comply with the mandatory venue provision in section 410.252(b) and, consequently, the venue provision as applied in this case and the resulting transfer to Travis County violate the "open courts" provision of the Texas Constitution. *See* Tex. Const. art. I, § 13. The open courts provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *Id.* The supreme court has recognized three protections to Texas litigants afforded by article I, section 13. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993). First, the courts must be open and operating; second, citizen access to the courts must be unimpeded by unreasonable financial barriers; and third, "meaningful

9

legal remedies must be afforded to our citizens, so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Id.*

Rayas has not demonstrated how section 410.252(b) and the transfer of venue violate any of these three guarantees of access to the courts. In fact, "[w]e cannot discern that any of the open court guarantees are even implicated" by section 410.525(b) and the resulting transfer of venue. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996) (concluding permitting process in Edwards Aquifer Act does not violate open court provision). The courts are open and operational for Rayas, as shown by the actions of the trial courts in both Maverick County and Travis County. In addition, there was no unreasonable financial barrier that impeded Rayas's access to the courts; Rayas filed affidavits of inability to pay costs and a jury fee, and his case proceeded through the court system to final judgment.

Finally, to successfully challenge a statute as unconstitutionally restricting a common law right, a litigant must show that (1) the statute restricts a well-recognized common law cause of action, and (2) the restriction is unreasonable when balanced against the purpose of the statute. *Thomas v. Oldham*, 895 S.W.2d 352, 357 (Tex. 1995); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990). Here, Rayas, has failed to satisfy the first criterion. The challenged venue provision and transfer have not abrogated or restricted any well-recognized common law cause of action belonging to Rayas. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (explaining holding of *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 227 (Tex. 2002), decided same day, and concluding Texas Motor Vehicle Code

10

conferred new rights but did not abrogate any of dealer's common law rights and did not violate open courts provision).  The supreme court has held that the remedies afforded under the workers' compensation act are an adequate substitution for an injured worker's common law claims against the employer.  *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 521–24 (Tex. 1995) (citing *Middleton v. Texas Power & Light Co.*, 185 S.W. 556 (Tex. 1916) (upholding constitutionality of former act)).  Rayas was able to pursue remedies under the workers' compensation act comparable to those available under common law and obtain a judgment on his claims.[4]  We therefore conclude that section 410.252(b), as applied to Rayas's claims, and the resulting transfer of venue do not violate the open courts provision.  *See David McDavid Nissan*, 84 S.W.3d at 227; *Barshop*, 925 S.W.2d at 636.[5]

**Due Process**

In his second issue, Rayas also argues that section 410.252(b) and the transfer of venue violate his due process rights by restricting his right of appeal.  Quoting *In re B.G.*, 317 S.W.3d 250 (Tex. 2010), Rayas contends that "once appellate review is afforded, it cannot be

---

[4]  Because we conclude that section 410.252(b) does not abrogate a cognizable cause of action, we do not reach the question of whether the alleged restriction was unreasonable or arbitrary when balanced against the purpose of the workers' compensation statute.  *See Thomas v. Oldham*, 895 S.W.2d 352, 357 (Tex. 1995); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990).

[5]  Rayas also contends that section 410.252(b) violates the open courts provisions because it results in discrimination on the basis of national origin in violation of section 401.022 of the labor code.  *See* Tex. Lab. Code Ann.§ 401.022(a) (West 2006) (workers' compensation act may not be used to discriminate because of race, sex, national origin, or religion).  Because we conclude that section 410.252(b), as applied to Rayas's claims, does not violate any of the three guarantees of the open courts provision, Rayas's discrimination claim has no merit.  Rayas was not deprived of access to the courts on the basis of national origin or any other basis.

11

unduly restricted." *Id.* at 256 (citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 111 (1966) (although states not required to establish avenues of appeal, "once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts")). *In re B.G.* involved a pro se litigant in a parental rights termination case who lost his right to appeal because his request for appointed counsel was not completed until the deadline for appeal in the compressed statutory timetable had passed, making his statement of points on appeal untimely. The court held that the shortened statutory deadlines, as applied to the parent, deprived him of due process. *Id.* at 252, 256, 258. Here, however, assuming without deciding that Rayas's suit for judicial review constitutes an "appeal" for these purposes, Rayas's right to appeal was not impeded, and he pursued his claim to final judgment. We conclude that section 410.252(b) did not deprive Rayas of due process. We overrule Rayas's second issue.

## CONCLUSION

Having overruled Rayas's issues, we affirm the judgment of the trial court.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed on Motion for Rehearing

Filed:   January 11, 2013

12