OPINION

No. 04-06-00191-CV

In re Paul JENNINGS

Original Mandamus Proceeding (1)



Opinion by: Catherine Stone , Justice



Sitting: Catherine Stone , Justice

 Sandee Bryan Marion , Justice

 Rebecca Simmons, Justice



Delivered and Filed: June 14, 2006



PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 In this mandamus proceeding we must determine whether the trial court abused its discretion in transferring relator's
lawsuit for breach of contract and slander out of the county where relator resided on the basis that relator failed to properly
plead a cause of action for slander. We conclude that relator properly pleaded a cause of action for slander, therefore the
trial court improperly transferred venue out of relator's county of residence.
Background

 Orthopedic surgeon Paul Jennings and Renaissance Health Care Systems, Inc. and Renaissance Healthcare Group, Inc.
entered into an employment contract. The Renaissance entities (hereinafter "Renaissance") subsequently terminated
Jennings. Jennings provided Renaissance new contact information for purposes of notifying his patients of this
information; however, Jennings soon learned that Renaissance was advising patients and colleagues that Jennings had left
no contact information. 

 Jennings sued Renaissance for breach of contract and defamation in Jim Wells County. Jennings' pleadings included
allegations that venue was proper in Jim Wells County because the underlying contract was executed there and he resided
there when the defamatory statements were made. Renaissance moved to transfer venue to Harris County, asserting that its
principal place of business was in Harris County; that it had never done business in Jim Wells County; that the suit was
primarily a suit for alleged breach of a written contract; and that all actions required by the contract were to be performed in
Harris County. Renaissance specifically denied Jennings was a resident of Jim Wells County, contending that he is merely
an "occasional resident" of Alice, Jim Wells County. (2) 

 Jennings responded by filing a response and an affidavit asserting he has "continuously been a resident of Jim Wells
County, Texas since prior to 2004." According to the affidavit, on October 10, 2005, Renaissance informed Jennings he
was being terminated. On October 19, 2005, Jennings provided Renaissance with contact information for his patients. 
Thereafter, several patients informed Jennings that when they contacted Renaissance and asked for Jennings, they were told
that Renaissance had no contact information for Jennings or that Jennings was too busy to continue providing their care.
Jennings asserts these statements were false, impugn his professional responsibility to his patients, make him seem
irresponsible, and damage his professional reputation.

 Renaissance filed a reply, but did not submit any venue proof. The trial court sustained Renaissance's motion to transfer
venue and ordered the lawsuit transferred to Harris County. In a letter explaining its ruling, the trial court maintained that
the factual allegations in Jennings' petition and affidavit do not constitute defamation. 

Standard of Review 

 Mandamus is available to enforce a mandatory venue provision. See Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon
2002); In re Missouri Pac. R.R., 998 S.W.2d 212, 215 (Tex. 1999). The relator must demonstrate the trial court abused its
discretion, but is not required to show he lacks an adequate remedy by appeal. Id. at 215-16.

General and Mandatory Venue Provisions 

 All lawsuits must be brought in either: (1) the county in which all or a substantial part of the events or omissions giving rise
to the claim occurred; (2) the county of defendant's residence at the time the cause of action accrued if the defendant is a
natural person; or (3) the county of the defendant's principal office in this state, if the defendant is not a natural person. See
Tex. Civ. Prac. & Rem. Code Ann. §15.002(a) (Vernon 2002).

 Mandatory venue provisions control over general venue provisions. See Tex. Civ. Prac. & Rem. Code Ann. §15.004
(Vernon 2002). Section 15.017 of the Texas Civil Practice and Remedies Code provides:

A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in
which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided
at the time of filing suit, or in the county of the residence of the defendants, or any of them, or in the domicile of any
corporate defendant, at the election of the plaintiff.



Tex. Civ. Prac. & Rem. Code Ann. § 15.017 (Vernon 2002) (emphasis added). Section 15.017 is a mandatory venue
statute. Marshall v. Mahaffey, 974 S.W.2d 942, 947 (Tex. App.--Beaumont 1998, pet. denied). When a plaintiff has
properly joined two or more claims arising from the same occurrence or series of transactions or occurrences, and one of the
claims is governed by a mandatory venue provision such as Section 15.017, then the suit shall be brought in the county
required by the mandatory venue provision. See Tex. Civ. Prac. & Rem. Code Ann. § 15.004 (Vernon 2002).

 Venue Procedure

 A plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county.In re Masonite Corp., 997
S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). In its motion to transfer venue, a defendant must specifically deny the
venue facts in the plaintiff's petition; if not, they are taken as true. Tex. Rule Civ. P. 87(3)(a). Once the defendant has
specifically denied the plaintiff's venue facts, then the plaintiff is required to make prima facie proof of its venue facts. Id.;
In re Missouri Pac. RR., 998 S.W.2d at 212. However, "no party shall ever be required for venue purposes to support by
prima facie proof the existence of a cause of action or part thereof, and at the hearing the pleadings of the parties shall be
taken as conclusive on the issues of existence of a cause of action." Tex. Rule Civ. P. 87(3)(a). The Rules of Civil
Procedure also provide: "It shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of
a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings." Tex. Rule Civ. P.
87(2)(b).

Defamation and Slander

 A statement is defamatory if it tends to harm the reputation of a person, or to deter third persons from associating or
dealing with the person. Hardwick v. Houston Lighting & Power Co., 881 S.W.2d 195, 197 (Tex. App.--Corpus Christi
1994, writ dism'd w.o.j.). If a communication does not either injure a person's reputation or impugn his character, the
language is not defamatory and is not actionable. Musser v. Smith Protective Servs., Inc., 723 S.W.2d 653, 654-55 (Tex.
1987).

 Slander is: (1) a defamatory statement; (2) communicated or published to a third person orally; (3) without legal excuse. 
Campbell v. Salazar, 960 S.W.2d 719, 725-726 (Tex. App.-- El Paso 1997, pet. denied). Slander may be per se or per
quod. Kelly v. Diocese of Corpus Christi, 832 S.W.2d 88, 91 (Tex. App.--Corpus Christi 1992, writ dism'd w.o.j.). To be
considered slander per se, the statement must impute the commission of a crime, impute the contraction of a loathsome
disease, cause injury to a person's office, business or profession, or impute sexual misconduct. Moore v. Waldrop, 166
S.W.3d 380, 384 (Tex. App.--Waco 2005, no pet.). Slander per quod requires the claimant to prove a statement's
defamatory meaning through extrinsic circumstances. Id. at 386.

 Whether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the court. 
Musser, 723 S.W.2d at 654-55. The court construes the statement as a whole in light of surrounding circumstances based
upon how a person of ordinary intelligence would perceive the entire statement. Campbell, 960 S.W.2d at 725-726. 
However, when the essential meaning of the statement is subject to differing interpretations, a question of fact arises and the
jury must determine whether the words are capable of a defamatory meaning. Cram Roofing Co., Inc. v. Parker, 131
S.W.3d 84, 90-91 (Tex. App.--San Antonio 2003, no pet.).

Analysis 

For venue purposes, the trial court was required to consider Jennings' pleadings at face value.See Acker v. Denton Publ'g
Co., 937 S.W.2d 111, 116 (Tex. App.--Fort Worth 1996, no writ). Jennings' first amended original petition alleges that
Renaissance "through its officers, employees, and agents, has made false and defamatory statement [sic] of fact and opinion
to others about [Jennings]." He cites two examples. First, Renaissance employees stated to patients that Jennings was too
busy to continue providing their care and had abandoned their care without leaving contact information. Second,
Renaissance employees stated to Jennings' professional colleagues that Jennings left no future contact information. 
Jennings' petition alleges the statements were negligently made and that they impugn his professional responsibility to his
patients and damage his relationship with his patients and his professional reputation. Jennings further pleads that he has
suffered damages. 

 Under Texas law, Jennings had a duty to notify his patients if he was no longer available to provide them medical services
and to inform them of where and how to obtain their medical records. See 22 Tex. Admin. Code Ann. § 165.5 (a) (1); (b)(1)
(Vernon 2006). Renaissance correctly notes that Texas law imposes no duty on employers of departing physicians to
provide notification to patients, and that "the departing physician remains responsible [] for providing notification
consistent with" the statute. Id. at § 165.5 (a) (3). However, merely because an employer has no statutory duty to provide
any information, does not mean that the employer is permitted to provide incorrect or false information. Jennings'
allegations, if true, establish that Renaissance provided false information that essentially accuses Jennings of violating a
statutory duty imposed upon him as a physician. In context, Renaissance's statements to patients who had been under
Jennings' care that he was too busy to continue their care or abandoned their care without leaving any contact information
constitute slander per quod. At a minimum, the elements of a slander cause of action have been pleaded: (1) an orally
communicated statement; (2) that could be defamatory in nature and concerned the plaintiff; (3) and negligence regarding
the truth of the statement. 

 Because the trial court abused its discretion in concluding Jennings had not properly pleaded a slander claim, we
conditionally grant the writ of mandamus. The writ will issue only if we are notified that the Honorable Richard C. Terrell
has failed to vacate the order within ten days from the date of this opinion. 

 Catherine Stone , Justice



 

1. This proceeding arises out of Cause No. 05-10-43931-CV , styled Paul Jennings v. Renaissance Healthcare Systems, Inc.
and Renaissance Healthcare Group, Inc., pending in the 79th Judicial District Court, Jim Wells County, Texas , the
Honorable Richard C. Terrell presiding.

2. We need not address the residence issue in this opinion because, despite Renaissance's continued reference to Jennings as
an "occasional resident" of Jim Wells County, Renaissance presented no controverting evidence in the trial court. We
further note that Renaissance also "specifically [sic] excepted" to Jennings' pleadings, stating that it was unable to deny the
allegation that Jennings was a resident of Jim Wells County when the defamatory statements were made because he "failed
to disclose (1) any specific defamatory statement; (2) the identity of the person making the statement; (3) the date, month or
year when the statement was made; (4) the person to whom the statement was made; or (5) any resulting injury." Jennings
subsequently amended his pleadings to include more detailed slander allegations.