

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00734-CV

Michael A. **SALAZAR**,
Appellant

v.

**HEB GROCERY COMPANY, LP** and Wal-Mart #1198,
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-11032
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  April 4, 2018

AFFIRMED

Appellant Michael A. Salazar filed defamation/slander, intentional infliction of emotional distress, civil conspiracy, and aiding and abetting causes of action against Appellees HEB Grocery Company, LP and Wal-Mart #1198.[1] Appellees sought dismissal of the suit pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a (authorizing dismissal of a cause of action that has no basis in law or fact). On October 10, 2016, the trial court dismissed the suit.

---

[1] Although Salazar named other defendants in his original lawsuit, in the amended petition, the only proper parties named were HEB Grocery Company, LP and Wal-Mart #1198, appellants in this appeal.

The trial court entered an amended order on October 24, 2016 clarifying a misnomer.  This appeal ensued.

## PRO SE PARTIES

Salazar appeared pro se before the trial court and is also representing himself before this court.  "We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure."  *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.——Dallas 2012, no pet.).  *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)).  "To do [otherwise] would give a pro se litigant an unfair advantage over a litigant who is represented by counsel."  *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## DISMISSAL UNDER RULE 91A

### A.      Standard of Review

An appellate court reviews de novo a trial court's order granting a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a.  *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)) ("[T]he availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review.").  Whether a cause of action can withstand a Rule 91a contest rests "on the allegations of  the live petition and any attachments thereto."  *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).  "We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action."  *Wooley*, 447 S.W.3d at 76.

**B.    Applicable Law**

An appellate court "construe[s] the pleadings liberally in favor of the plaintiff, look[s] to the pleader's intent, and accept[s] as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied) (citing *Wooley*, 447 S.W.3d at 76); *see also Zheng*, 468 S.W.3d at 183–84. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1; *accord Sanchez*, 494 S.W.3d at 724; *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 661 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

"Whether the dismissal standard is satisfied depends solely on the pleading of the cause of action." *Yeske*, 513 S.W.3d at 661 (citing *Sanchez*, 494 S.W.3d at 724). A motion to dismiss under Rule 91a must identify each cause of action it attacks and specify "the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. When a defendant moves to dismiss a cause of action on the grounds that it has no basis in law or fact, a plaintiff may amend the pleadings at least three days before the date of the hearing. *See id.* R. 91a.5(b). "[T]he court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any [permissible] pleading exhibits. . . ." *Id.* R. 91a.6.

**C.    Pleadings**

Our determination of whether Salazar's claims sufficiently showed a basis in law or fact is limited to a review of the face of the petition, without regard to extrinsic evidence. *See id.*; *Sanchez*, 494 S.W.3d at 724. We therefore set forth a detailed description of the factual allegations contained in Salazar's pleadings.

*1.      Salazar's Original Petition*

Salazar filed his original petition on July 1, 2016, asserting a claim for $1 million in monetary relief against HEB Grocery Company, LP, HEB Store No. 12, HEB Store No. 45, Wal-Mart Store No. 1198, and Half Price Books No. 10 (jointly Defendants).  Salazar asserted, inter alia, Defendants' behavior was extreme and outrageous, they injured his reputation, entered into a civil conspiracy through integrated information sharing, and defamation per se.  Salazar's pleadings set forth several factual allegations.

According to Salazar's amended petition, on July 3, 2015, Salazar was shopping at HEB Store No. 12, where he purchased approximately $31.00 worth of items.  He exited the store, with the "unbagged" items in the cart, and proceeded to "fast-walk" to his vehicle near the roadway.  As Salazar was loading his items in his vehicle, an HEB employee approached Salazar and "declared [another patron] had said to him that Salazar had shoplifted."  The man asked to "see the receipt."  Salazar refused, explaining the receipt was "private property."  Salazar returned to loading his groceries and the employee took the receipt out of Salazar's cart.  Salazar "grabbed" the receipt and demanded to speak to a manager and returned to the HEB store "infuriated by accusation of [the other patron] and [the employee's] arrogate (sic) and disrespectful ordering for receipt."

As Salazar and the manager exchanged words, another patron entered the store and allegedly "told Nate that he had come into [the] store to say that he would think badly of Salazar if he did not apologise (sic) to [the employee]: he would think of Salazar as an ass-hole."

Salazar alleged HEB's employee knowingly and recklessly imputed Salazar with the crime of shoplifting, injured his reputation, and constituted slander per se.  Salazar then alleged managers of each of the Defendants' stores charged Salazar with a criminal violation with the specific intent

to cause substantial injury to Salazar, caused him to suffer severe emotional distress, and entered into a civil conspiracy with each other to harass and threaten Salazar.

### 2. *Defendants' Answers and Rule 91a Motions*

On July 29, 2016, HEB Grocery Company filed its verified original answer and special exceptions.[2]

On August 29, 2016, Wal-Mart #1198 filed its original answer and a Rule 91a motion to dismiss. Wal-Mart asserted Salazar plead "absolutely no facts that give rise to any cause of action based upon these identified alleged causes of action as it related to Wal-Mart."

On September 6, 2016, Salazar filed a response to Wal-Mart's Rule 91a motion and requested the trial court amend his petition to include, as a defendant, a Wal-Mart manager who accused Salazar of "sexual misconduct with young boys and men;" and on May 17, 2016, Salazar sought to add yet another Wal-Mart manager who "went into the garden centre of Wal-Mart store #1198 and made allegations of imputation of a crime."

On September 6, 2016, HEB Grocery Company (HEB) filed its Rule 91a motion to dismiss. In its motion, HEB asserted Salazar failed to assert any alleged statements were made to a third party, that an employee asking for a receipt is outrageous behavior, and that no reasonable person would believe HEB, Wal-Mart, and Half Price Books conspired together and aided and abetted each other to harm Salazar.

### 3. *Salazar's First Amended Original Petition*

On September 27, 2016, Salazar filed his First Amended Original Petition. The pleadings no longer named Half Price Books as a defendant. The allegations regarding Salazar's exchange at HEB on July 3, 2015 remained the same.

---

[2] In that answer, HEB Grocery Company affirmatively denied, by verified denial, that HEB Stores # 12 and 45 were legal entities and that only HEB Grocery Company was a proper party.

The gravamen of the additional pleadings included alleged statements made by the two Wal-Mart managers. The first accused Salazar of "sexual misconduct with young boys and men," and on May 17, 2016, a different Wal-Mart manager slandered Salazar by "accusing him of taking plants from the garden center with no evidence to stand by."

**D.      Analysis**

*1.      Defamation/Slander Per Se*

To withstand a 91a motion to dismiss, Salazar's slander pleadings must allege: "(1) a defamatory statement; (2) communicated or published to a third person orally; and (3) without legal excuse." *In re Jennings*, 203 S.W.3d 32, 36 (Tex. App.—San Antonio 2006, orig. proceeding). "To be considered slander *per se* the statement must impute the commission of a crime, impute the contraction of a loathsome disease, cause injury to a person's office, business or profession, or impute sexual misconduct." *Id.* (citations omitted).

Assuming, arguendo, that Salazar could have construed the HEB employee's request to view Salazar's receipt as an allegation of shoplifting, the statement was made to Salazar. No HEB employee ever communicated or published any such statement to a third person. *Contra id.* Taking Salazar's factual allegations as true, the HEB employee asked for the receipt after another HEB patron believed Salazar may have shoplifted. Construing the pleadings liberally in Salazar's favor, Salazar failed to allege an HEB employee made a defamatory statement that was communicated to a third person. *See id.*

Similarly, although Salazar asserts one Wal-Mart employee made "perverted accusations" against Salazar "concerning boys and young men," and another accused him of taking plants from the Wal-Mart garden center, his pleadings do not allege any such statements were communicated or published to a third person. *See id.*

Salazar was required to plead facts, from which reasonable inferences could be drawn to support each element as to HEB and to Wal-Mart. *See Sanchez*, 494 S.W.3d at 724. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)) (likening Rule 91a motions to that of Federal Rule of Procedure Rule 12(b)(6) motion); *see Zheng*, 468 S.W.3d at 186–87; *Wooley*, 447 S.W.3d at 76. The assertions in Salazar's petition are just that—threadbare and conclusory statements. We therefore conclude Salazar's pleadings do not support a cause of action for defamation or slander per se against either HEB or Wal-Mart.

## 2. *Intentional Infliction of Emotional Distress*

To withstand a 91a motion to dismiss, Salazar's intentional infliction of emotional distress pleadings must allege: "(1) [Appellees] acted intentionally or recklessly; (2) [Appellees'] conduct was extreme and outrageous; (3) [Appellees'] actions caused [Salazar] emotional distress; and (4) the emotional distress [suffered by Salazar] was severe." *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006); *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (per curiam). Extreme and outrageous conduct is defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (AM. LAW INST. 1965)). Even conduct that is tortious or otherwise wrongful, without more, is not extreme and outrageous. *See Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001). Even further, conduct that is merely insensitive or rude is not extreme and outrageous, nor are "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Kroger*, 216 S.W.3d at 796 (quoting *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)). As the Texas Supreme Court explained in

*Hoffmann-La Roche Inc v. Zeitwanger*, the tort of intentional infliction of emotional distress is a "'gap-filler' tort, judicially created [to allow] recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." 144 S.W.3d 438, 447 (Tex. 2004).

Salazar alleges that after he walked quickly out of the grocery store, pushing his unbagged groceries in his cart, the HEB employee told Salazar another employee reported Salazar had shoplifted. The employee subsequently asked for Salazar's receipt, and told Salazar that he did not like shoplifters. To support a claim for intentional infliction of emotional distress, Salazar was required to allege facts tending to show Appellees acted intentionally or recklessly, that their conduct was extreme and outrageous, that a reasonable person would suffer emotional distress from their actions, and that such distress was severe. *See Kroger*, 216 S.W.3d at 796. We conclude these statements, without more, are not extreme or outrageous and do not extend "beyond all possible bounds of decency, [as] to be regarded as atrocious, and utterly intolerable in a civilized community." *Smith v. Hennington*, 249 S.W.3d 600, 605 (Tex. App.—Eastland 2008, pet. denied) (quoting RESTATEMENT (SECOND) OF TORTS § 46 (AM. LAW INST. 1965)).

Additionally, Salazar failed to allege clear and specific facts that he suffered distress so severe that no reasonable person could be expected to endure it. *See Kroger*, 216 S.W.3d at 796. Generally, a plaintiff must show "more than mere worry, anxiety, vexation, embarrassment, or anger." *Deaver v. Desai*, 483 S.W.3d 668, 677 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (pleading claiming "shame, embarrassment, humiliation, and mental anguish" did not establish clear and specific evidence of emotional distress); *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 454 (Tex. App.—Dallas 2002, no pet.) (feeling "intense embarrassment" "humiliated" and "frustrated" because of inaccurate credit report failed to meet standard for compensable harm). Salazar alleged (1) suffering severe emotional distress; (2) being subjected

to uncivil behavior; (3) losing his integrity, virtue, and reputation; and (4) suffering from anxiety attacks, depression, loss of sleep, loss of appetite, nausea, and vomiting. Salazar presented no allegations of the frequency or severity of his symptoms no allegations that he sought counseling or medical treatment for his symptoms. *See Union Pacific R.R. Co. v. Loa*, 153 S.W.3d 162, 171–72 (Tex. App.—El Paso 2004, no pet.) (holding general references to feeling nervous, stressed, withdrawn, and suffering a loss of happiness insufficient to meet the severe emotional stress threshold); *Regan v. Lee*, 879 S.W.2d 133, 136–37 (Tex. App.—Houston [14th Dist.] 1994, no writ) (concluding testimony that plaintiff was "very angry," humiliated, and suffered from depression, but who did not seek professional help failed to meet burden).

We therefore conclude Salazar's pleadings do not support a cause of action for intentional infliction of emotion distress against either HEB or Wal-Mart.

*3.* *Civil Conspiracy*

To withstand a 91a motion to dismiss, Salazar's conspiracy pleadings had to allege "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005); *accord In re Lipsky*, 411 S.W.3d 530, 549 (Tex. App.—Fort Worth 2013, orig. proceeding). "[M]erely proving a joint 'intent to engage in the conduct that resulted in the injury' is not sufficient to establish a cause of action for civil conspiracy. Instead, 'civil conspiracy requires specific intent' to agree 'to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) (citation omitted). Aiding and abetting "claims require the actor, with unlawful intent, to give substantial assistance and encouragement to a wrongdoer in a tortious act." *W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—

Dallas 2014, pet. denied). Aiding and abetting, like conspiracy, is "a 'dependent' claim, which is 'premised on' an underlying tort." *Id*.

Salazar's pleadings assert Appellees entered into a civil conspiracy and agreed to use unlawful means to harass Salazar. Specifically, Appellees used members of the "Network" to "threaten, harass, and defame [Salazar] in an attempt to bully him into agreeing to change his focus from investigating Sears, Walmart, HEB, etc." As we have previously discussed, Salazar failed to allege facts supporting a cause of action to support either HEB or Wal-Mart was liable for either defamation or intentional infliction of emotional distress. *See Four Bros. Boat Works v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (explaining "to prevail on a civil conspiracy claim, the plaintiff must show the defendant was liable for some underlying tort").

Dismissal is also appropriate under Rule 91a.1 when "no reasonable person could believe the facts pleaded," even when "the allegations, [are] taken as true, together with inferences reasonably drawn from them." TEX. R. CIV. P. 91a.1; *accord Sanchez*, 494 S.W.3d at 724. Because no reasonable person could believe the allegations in Sanchez's pleadings to support the conspiracy and aiding and abetting allegations against HEB and Wal-Mart, we conclude the trial court did not err in granting the Rule 91a motions to dismiss the conspiracy and aiding and abetting claims. *See Sanchez*, 494 S.W.3d at 724.

**E.     Waiver of Remaining Appellate Issues**

Finally, Salazar raises several questions regarding the trial court's actions and alleged tampering with the reporter's record. He argues, inter alia, "the trial court is a sham," this court's actions are politically motivated, and that the reporter's record is vital to the appellate review. The brief does not contain a clear or concise basis for this court to address any of these issues on appeal

or why they are relevant to this appeal. *See* TEX. R. APP. P. 38.1(i). Accordingly, we overrule the remainder of Salazar's issues as inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

## CONCLUSION

Although an appellate court construes pro se pleadings liberally, and for purposes of a Rule 91a motion, we accept as true the factual allegations, the pleadings must nevertheless provide some reasonable basis for the allegations. Salazar's pleadings simply do not contain any basis in law or fact to support his causes of action. Taking all of Salazar's allegations as true, and making all reasonable inference therefrom, we conclude Salazar's pleadings have no basis either in law, in fact, or both, for any of his putative causes of action. We, therefore, conclude the trial court did not err in granting Appellees' motions to dismiss; and, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice