

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01055-CV

Nora **ESTRADA**,
Appellant

v.

**LEGACY HOME HEALTH AGENCY, INC.**, Legacy Home Care Services, Inc. D/B/A All
Seasons Home Care, and Restorative Health Services, LLC d/b/a Coastal Homehealth Care,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-09053
Honorable Monique Diaz, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice

Delivered and Filed: April 16, 2025

AFFIRMED; MOTION TO DISMISS DENIED

Appellant Nora Estrada brings this interlocutory appeal from the trial court's order denying

her amended "Motion to Transfer Venue and Subject Thereto Defendant's Motion to Sever." We

affirm.[1]

---

[1] It is not lost on the court that this decision is being rendered in an interlocutory appeal a full fifteen months after the
notice of appeal was filed. The notice of appeal was filed in December 2023. In March of 2024, after identifying an
issue relating to the record, the matter was abated and remanded to the trial court. In late May 2024, a supplemental

**BACKGROUND**

Appellees—Legacy Home Health Agency, Inc., Legacy Home Care Services, Inc. D/B/A All Seasons Home Care, and Restorative Health Services, LLC d/b/a Coastal Homehealth Care—provide home healthcare services. In 2020, appellees brought suit in Bexar County against a competitor, American Medical, and four former employees who left to join American Medical, including appellant's husband Rene Estrada. Appellees alleged the former employees misappropriated appellees' trade secrets to compete against appellees and to solicit appellees' clients. After learning Rene Estrada's wife, Nora Estrada, had launched a competing home healthcare company named Liberty, appellees amended their claims against Rene Estrada and added claims against Nora Estrada and Liberty, alleging *inter alia* Nora Estrada leveraged trade secrets her husband obtained from appellees to compete against them. Appellees then further amended their petition, adding claims against all defendants for defamation and business disparagement. Nora Estrada and Liberty each separately responded by filing an answer and an amended "Motion to Transfer Venue and Subject Thereto Defendant's Motion to Sever," which the trial court denied after a hearing. Liberty did not appeal. Nora Estrada appeals from the denial of her motion.

**ANALYSIS**

## I. Jurisdiction

Venue rulings are not generally subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(a); TEX. R. CIV. P. 87(6); *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 811 (Tex. 2023). But the Legislature has provided that in a suit involving more than one

---

clerk's record was filed and the abatement was lifted. At that point, briefing commenced, with appellant's reply brief filed on September 16, 2024. The matter was then submitted to a panel in October 2024. The matter was later re-submitted to a new panel, that being the three Justices named here, on January 7, 2025.

plaintiff, such as this case, we have interlocutory appellate jurisdiction to review a trial court's determination of whether "[each] plaintiff did or did not independently establish proper venue." TEX. CIV. PRAC. & REM. CODE § 15.003(a), (b)(1); *Thomas v. Hoelke*, No. 04-09-00771-CV, 2010 WL 2403725, at *2 (Tex. App.—San Antonio June 16, 2010, no pet.) (mem. op.) ("[I]n a multi-plaintiff suit, appellate courts have jurisdiction to determine in an interlocutory appeal whether each plaintiff has established venue independently of any other plaintiff") (citing section 15.003(b)); *Sustainable Tex. Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 S.W.3d 96, 106 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Union Pac. R.R. Co. v. Stouffer*, 420 S.W.3d 233, 238–39 (Tex. App.—Dallas 2013, pet. dism'd); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 285–87, 286 n.18 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd) (holding specific language of section 15.003 trumps more general language of section 15.064 and "interlocutory appeals are available for venue determinations in any case involving multiple plaintiffs").[2]

Therefore, if the trial court here determined whether each plaintiff-appellee established venue, we have jurisdiction to review that determination. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(a), (b)(1); *Hoelke*, 2010 WL 2403725, at *2. The trial court's order does not state the basis for its denial of Nora Estrada's motion. However, her motion specifically argued that the plaintiff-appellees failed to independently establish venue under section 15.003, the parties argued at length at the hearing about whether each plaintiff-appellee had independently established venue, and the trial court's statements during the hearing indicated it understood ruling on the motion would necessitate determining whether each plaintiff-appellee had independently established

---

[2] *Cf. Basic Energy Services GP, LLC v. Gomez*, 398 S.W.3d 734, 736 (Tex. App.—San Antonio 2010, no pet.) (per curiam) (abating cause and ordering trial court to enter revised order under different factual circumstances where court applied statutory predecessor language no longer applicable).

venue.[3] On this record, we can infer the trial court made the determination required by section 15.003(b)(1) that each plaintiff-appellee independently established venue when it denied Nora Estrada's motion. *See Jackson v. Jackson*, No. 02-15-00102-CV, 2016 WL 5220069, at *3 (Tex. App.—Fort Worth Sept. 22, 2016, pet. denied) (mem. op.) (concluding court had interlocutory jurisdiction, explaining "[i]n a multiple-plaintiff case, every order on a motion to transfer venue will necessarily determine whether each plaintiff did or did not independently establish proper venue."); *Stouffer*, 420 S.W.3d 233 at 238 (concluding court had interlocutory jurisdiction because "in a multiple-plaintiff case, every venue ruling is necessarily a determination that a plaintiff did or did not independently establish proper venue."). We therefore have interlocutory appellate jurisdiction under section 15.003 to review this venue determination. *See* TEX. CIV. PRAC. & REM. CODE § 15.003; *Hoelke*, 2010 WL 2403725, at *2.[4] Accordingly, we deny appellees' motion to dismiss the appeal.

However, "[s]tatutes authorizing interlocutory appeals 'are a narrow exception to the general rule' that 'appellate courts generally only have jurisdiction over final judgments.'" *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex.

---

[3] At the hearing, the trial court stated plaintiff-appellees should attempt to make their prima facie case that they have established venue before any live testimony could be heard regarding section 15.003's joinder provision, which applies only "if a plaintiff cannot independently establish proper venue." TEX. CIV. PRAC. & REM. CODE § 15.003(a)(1)–(4). After hearing counsels' arguments regarding whether each plaintiff-appellee independently established venue, the trial court denied Nora Estrada's motion without permitting live testimony. *See id.*; *San Jacinto River Auth. v. Guajardo*, No. 01-20-00662-CV, 2021 WL 1878377, at *3 (Tex. App.—Houston [1st Dist.] May 11, 2021, no pet.) (the four elements in section 15.003's joinder provision allow for a broader range of proofs) (citing *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 602 (Tex. 1999)); *Renzenberger, Inc. v. O'Bryant*, No. 13-05-00090-CV, 2005 WL 1361620, at *2 (Tex. App.—Corpus Christi–Edinburg June 9, 2005, no pet.) (same).

[4] Appellees assert that the motion was in fact an unappealable motion to sever rather than a motion to transfer venue, because Nora Estrada's counsel clarified at the hearing on the motion that Nora Estrada seeks severance of the claims against her and transfer of those claims to a different county, rather than a venue transfer for the entire case. But under section 15.003, the existence or absence of appellate jurisdiction turns solely on whether the trial court made a determination as to whether "[each] plaintiff did or did not independently establish proper venue." TEX. CIV. PRAC. & REM. CODE § 15.003(a), (b)(1). Because the record shows the trial court determined that each plaintiff-appellee had independently established venue, we have jurisdiction to review the trial court's order regardless of how the motion might be characterized. *See id.*; *Hoelke*, 2010 WL 2403725, at *2.

2020) (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Nora Estrada has not cited, and we have not found, any statutory authority establishing our jurisdiction over the numerous issues she raises in this interlocutory appeal that are outside the bounds of the jurisdiction section 15.003 creates. This includes her request of a venue transfer for convenience, which is not reviewable on appeal. TEX. CIV. PRAC. & REM. CODE § 15.002(b), (c) ("A court's ruling or decision to grant or deny a transfer [for convenience] under Subsection (b) is not grounds for appeal"). It also includes the issues raised for the first time on appeal and not otherwise preserved, such as her assertion that she is a non-party to the case. TEX. R. APP. P. 33.1(a) (complaint must be raised to trial court "with sufficient specificity to make the trial court aware of the complaint"); *see In re J.S.*, 670 S.W.3d 591, 605 (Tex. 2023) (unpreserved complaints cannot be presented for appellate review). Finally, we cannot consider those additional documents attached to Nora Estrada's appellate briefs that do not appear in the appellate record. *See K-Six TV v. Santiago*, 75 S.W.3d 91, 97 (Tex. App.—San Antonio 2002, no pet.) ("we cannot consider the exhibits [] which were not on file with the trial court and are not contained in our clerk's record.").

In summary, our jurisdiction over this interlocutory appeal is limited to a review of the trial court's determination that each plaintiff-appellee independently established venue. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(a), (b)(1).

## II.     Standard of Review

When reviewing an interlocutory appeal under section 15.003, the court of appeals shall "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM. CODE § 15.003(c)(1). Thus, our review of a venue determination in an interlocutory appeal under section 15.003 is de novo. *Hannah Reef, Inc.*, 491 S.W.3d at 105–07; *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999).

### III.     Applicable Law

Venue may be proper in more than one county under general, mandatory, or permissive venue rules. *See Fortenberry*, 664 S.W.3d at 811. Because venue may be proper in a variety of counties under the venue rules, a plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county. *See id*.

A defendant may challenge the venue selection, and a court "shall transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county." TEX. CIV. PRAC. & REM. CODE § 15.063(1); *see* TEX. R. CIV. P. 87; *Fortenberry*, 664 S.W.3d at 811. In its motion to transfer venue, a defendant must specifically deny the venue facts in the plaintiff's petition; if not, they are taken as true. TEX. R. CIV. P. 87(3)(a); *see In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 323 (Tex. 2016). "A specific denial of a pleaded venue fact is one that denies the fact itself." *Devon Energy Corp. v. Iona Energy, L.P.*, No. 02-19-00343-CV, 2020 WL 98138, at *4 (Tex. App.—Fort Worth Jan. 9, 2020, pet. denied).

If a defendant has specifically denied a plaintiff's venue facts, then the plaintiff is required to make prima facie proof of its venue facts. TEX. R. CIV. P. 87(3)(a); *see Devon Energy*, 2020 WL 98138, at *5. However, "no party shall ever be required for venue purposes to support by prima facie proof the existence of a cause of action or part thereof, and at the hearing the pleadings of the parties shall be taken as conclusive on the issues of existence of a cause of action." TEX. R. CIV. P. 87(3)(a). Rule 87 further provides: "It shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings." *Id.* R. 87(2)(b). "In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue." TEX. CIV. PRAC. & REM. CODE § 15.064(a); *see In re Jennings*, 203 S.W.3d 32, 36 (Tex. App.—San Antonio 2006, no pet.) ("For venue purposes, the trial court was required to consider [plaintiff's] pleadings at

face value."). "The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties" in accordance with the applicable rules. TEX. R. CIV. P. 87(3)(b).

If a plaintiff properly joins two or more claims "arising from the same transaction, occurrence, or series of transactions or occurrences," and one of the claims is governed by a mandatory venue provision, the entire lawsuit "shall be brought in the county required by the mandatory venue provision." TEX. CIV. PRAC. & REM. CODE § 15.004. "In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* § 15.005. "Mandatory venue rules may . . . designate multiple counties as proper." *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018). In that event, a plaintiff may choose from among the counties. *See id.*; *In re Fisher*, 433 S.W.3d 523, 533 (Tex. 2014).

## IV.  Application

### A.  Each Appellee Independently Established Venue Under Section 15.017

In their live pleading filed prior to the hearing on Nora Estrada's motion to transfer, appellees brought claims against all defendants, including Nora Estrada, for defamation and business disparagement. Section 15.017 of the Texas Civil Practice and Remedies Code provides:

> A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of the defendants, or any of them, or in the domicile of any corporate defendant, at the election of the plaintiff.

TEX. CIV. PRAC. & REM. CODE § 15.017; *see also Burbage v. Burbage*, 447 S.W.3d 249, 253 n.1, 261 n.6 (Tex. 2014) (noting venue established under section 15.017 in suit for defamation and

business disparagement). "Section 15.017 is a mandatory venue statute." *Jennings*, 203 S.W.3d at 35 (citing *Marshall v. Mahaffey*, 974 S.W.2d 942, 947 (Tex. App.—Beaumont 1998, pet. denied)). Under section 15.017, venue is mandatory in the county where appellees or defendants resided at the time of the accrual of these causes of action. *See* TEX. CIV. PRAC. & REM. CODE § 15.017. Appellees alleged in their live pleading that all plaintiffs and several other defendants resided in Bexar County at the time the causes of action accrued, attaching a sworn declaration of their custodian of records stating each appellee maintains its principal office in Bexar County.[5] Nora Estrada's general denial in her answer did not constitute a specific denial of these venue facts. *See* TEX. R. CIV. P. 87(3)(a); *Devon Energy*, 2020 WL 98138, at \*4; *Maranatha Temple, Inc. v. Enter. Prod. Co.*, 833 S.W.2d 736, 740 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("[W]hen a plaintiff pleads that 'Defendant X is a foreign corporation with a registered agent in Harris County,' Defendant X, to 'specifically deny' that venue fact, must make a point of denying that it is a foreign corporation with a registered agent in Harris County."). Nora Estrada also did not specifically deny these venue facts elsewhere in her pleadings or at the hearing on her motion to transfer venue.

On appeal, Nora Estrada denies that she committed any acts of defamation or business disparagement, but this is not a specific denial that all appellees and several defendants resided in Bexar County when the alleged causes of action accrued. *See Devon Energy*, 2020 WL 98138, at \*4 ("A specific denial of a pleaded venue fact is one that denies the fact itself."). Appellees were not required to present proof of the existence or merits of the causes of action for venue purposes. TEX. R. CIV. P. 87(2)(b); *id.* R. 87(3)(a). Appellees fixed venue under section 15.017 by properly

---

[5] Nora Estrada resides in Cameron County, but she need not reside in Bexar County for venue to be fixed there under section 15.017. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.004, 15.005, 15.017. In her motion to transfer, Nora Estrada conceded that other defendants reside in Bexar County.

pleading claims for defamation and business disparagement against all defendants and alleging that all appellees and several defendants resided in Bexar County when the alleged causes of action accrued. *See Jennings*, 203 S.W.3d at 35–37 (holding plaintiff established venue under section 15.017 by properly pleading defamation claim, notwithstanding defendant's denial that defamation occurred). Because Nora Estrada does not specifically deny that all appellees and several defendants resided in Bexar County at the time the causes of action allegedly accrued, we must take these venue facts from appellees' petition as true. TEX. R. CIV. P. 87(3)(a); *Red Dot Bldg. Sys.*, 504 S.W.3d at 323.

Therefore, under section 15.017, each appellee independently established venue to bring their claims of defamation and business disparagement against all defendants in Bexar County. *See* TEX. CIV. PRAC. & REM. CODE § 15.017; *Perryman*, 546 S.W.3d at 130 (plaintiffs may choose from among counties permitted by mandatory venue provision).

## B. The Trial Court Correctly Determined Each Appellee Independently Established Venue for All Claims Against All Defendants

Because all appellees' claims for defamation and business disparagement are governed by a mandatory venue provision, if the other claims "aris[e] from the same transaction, occurrence, or series of transactions or occurrences" then the entire suit "shall be brought in the county required by the mandatory venue provision." TEX. CIV. PRAC. & REM. CODE § 15.004. Also, if all appellees have established proper venue against any individual defendant, "the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* § 15.005. Nora Estrada alleges the claims against her do not arise out of the same transactions or occurrences as the claims against the other defendants. We disagree.

Considering appellees' claims at "at face value" for venue purposes, *Jennings*, 203 S.W.3d at 36, we find all appellees properly pleaded claims that arise out of the same series of occurrences

involving competitor home healthcare companies American Medical and Liberty, four former employees of appellees including Rene Estrada, and Rene's wife Nora Estrada. All of appellees' claims involve allegations that relate to the departure of the four employees of appellees. Appellees allege that the four departing employees left to join American Medical, where they breached two non-disclosure agreements and a non-compete agreement, misappropriated appellees' trade secrets and confidential information, tortiously interfered with appellees' client and business relationships, breached their fiduciary duties, engaged in fraud, defamed and disparaged appellees, engaged in unfair competition, and gained unjust enrichment. Appellees further allege Rene Estrada, one of the departing employees, provided appellees' confidential information and trade secrets to his wife Nora Estrada, who leveraged that information for her benefit and the benefit of Liberty, the competitor she founded even though she allegedly has little to no prior experience in the home healthcare industry. Appellees allege that Nora Estrada filed a certificate of formation for Liberty less than five months before her husband Rene Estrada suddenly ended his employment with appellees, and registered Liberty to the home address she shares with her husband.

Appellees' claims against Nora Estrada, and appellees' defamation and business disparagement claims against all defendants, arise from the same series of occurrences underlying all of appellees' other claims, with numerous overlapping facts and issues. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.004, 15.005. These overlapping facts and issues include the nature of the trade secrets and confidential information Rene Estrada possessed, which appellees allege were misappropriated by and for the benefit of defendants Nora Estrada, Liberty, and American Medical. Appellees also allege that Rene Estrada breached his fiduciary duty to appellees by competing through both Liberty and American Medical, and that Nora Estrada tortiously interfered with the non-disclosure and non-compete agreements Rene Estrada allegedly breached. Likewise,

appellees' claims against Liberty and American Medical contain numerous overlapping facts and issues with the claims against Nora Estrada—the founder and owner of Liberty—and her husband Rene Estrada—who left employment with appellees to work for American Medical. Because appellees properly pleaded all of these interrelated claims, for venue purposes, appellees were not required to present proof of the existence or merits of them. *See* TEX. R. CIV. P. 87(2)(b); *id.* R. 87(3)(a); TEX. CIV. PRAC. & REM. CODE § 15.064(a); *Jennings*, 203 S.W.3d at 36–37.

Because all of appellees' claims against all defendants arise from the same series of occurrences, they were properly joined and venue should be maintained in a single county to avoid a multiplicity of suits. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.004, 15.005; *see also, e.g., Mahaffey*, 974 S.W.2d at 950–51 (affirming trial court's denial of motion to transfer venue based on section 15.005 since one venue for all claims arising from same series of transactions or occurrences avoids multiplicity of suits); *Lindsey v. Sec. Sav. Ass'n*, 556 S.W.2d 570 (Tex. App.—Dallas 1977, no writ) ("If venue as to one cause of action is proper in the county in which suit was brought, then all properly joined causes of action against the defendant should be maintained in that county to avoid a multiplicity of suits.").

In summary, because each appellee independently established proper venue under the mandatory venue statute in section 15.017, and appellees' claims against Nora Estrada and their defamation and business disparagement claims against all defendants arise out of the same set of occurrences as appellees' other claims, appellees properly fixed venue for the entire suit in Bexar County. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.017, 15.004, & 15.005.[6]

---

[6] Since the trial court's venue determination was proper under a mandatory venue statute, we need not consider the parties' arguments regarding whether venue is proper under section 15.002, the general venue statute. *See* TEX. CIV. PRAC. & REM. CODE §§ 15.002, 15.017; *In re Fox River Real Estate Holdings, Inc.*, 596 S.W.3d 759, 763 (Tex. 2020) (mandatory venue provision trumps general venue provision) (citing sections 15.001(b) and 15.002(a)).

**CONCLUSION**

Because the trial court correctly determined each appellee independently established venue when it denied Nora Estrada's motion, we affirm the trial court's order.[7] *See* TEX. CIV. PRAC. & REM. CODE § 15.003(c)(1).

Lori Massey Brissette, Justice

---

[7] We deny appellees' February 20, 2024 motion to dismiss this appeal.