UNITED PROTECTIVE SERVICES,
INC., Appellant

v.

WEST VILLAGE LIMITED PART-
NERSHIP and Preston Royal
Realty Company, Appellees.

No. 05–04–00526–CV.

Court of Appeals of Texas,
Dallas.

Dec. 21, 2005.

Emil Lippe, Jr., Law Offices of Lippe &
Associates, Dallas, Richard G. Mills, Law
Offices of Rick Mills, Duncanville, for Ap-
pellant.

David Brian Miller, Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

**OPINION**

Opinion by Justice MOSELEY.

This case involves a contract dispute arising from the termination of two contracts for security services between United Protective Services (United) and two commercial property owners, West Village Limited Partnership (West Village) and Preston Royal Realty Company (Preston Royal). United sued West Village and Preston Royal for breach of contract and for a declaratory judgment arguing the contracts required defendants to give thirty days' notice before termination and requesting damages. The parties filed cross-motions for summary judgment. The trial court granted the defendants' motion, denied United's motion, ordered that United take nothing by its suit, and awarded attorneys' fees to defendants. In three issues, United argues the trial court erred: (1) in granting summary judgment for defendants because the contracts unambiguously require thirty days' notice before termination; (2) in denying United's cross-motion for summary judgment; and (3) in awarding attorneys' fees to defendants under the declaratory judgments act. We conclude the contracts at issue are ambiguous and thus summary judgment was improper. We reverse the final judgment of the trial court and remand the case for further proceedings.

## I. Standard of Review

We apply the traditional summary judgment standard of review. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985) (summary judgment standards of review). When, as here, both parties move for summary judg-

ment, each party bears the burden of establishing that it is entitled to judgment as a matter of law; neither party can prevail because of the other's failure to discharge its burden. *City of Garland v. Dallas Morning News,* 969 S.W.2d 548, 552 (Tex. App.-Dallas 1998) (en banc), *aff'd,* 22 S.W.3d 351 (Tex.2000). A reviewing court may determine all questions presented; it may affirm the summary judgment entered, reverse and render a judgment for the other party, if appropriate, or reverse and remand if neither party has met its summary judgment burden. *Calhoun v. Killian,* 888 S.W.2d 51, 54 (Tex.App.-Tyler 1994, writ denied).

## II. Facts and Procedural History

In 2001, United entered into contracts with West Village and Preston Royal to provide security services at their properties. The terms of the contracts are virtually identical. The contracts do not have a specific duration, but contain the same termination clause (paragraph 8A), which is the center of this dispute:

8. Termination's [sic] and Rights

A. It is agreed that this service will continue for the period indicated and will remain in full force and effect thereafter, unless a notice in writing to discontinue is sent to either party at least thirty (30) days prior to the expiration of the term, by regular mail. This contract may be terminated at will at any time upon notice from either party. An unsatisfactory payment pattern by Client shall constitute good cause and service at [United's] option may be terminated immediately without penalty.

The parties agree the contracts provide no term or expiration dates as reference in paragraph 8A.

After more than a year of service, a senior property manager for West Village

and Preston Royal notified United they were terminating the security services effective 6:59 a.m. on the next day, April 15, 2003. Thereafter, United billed West Village and Preston Village for $30,266.70 and $16,090.28, respectively—the cost of an additional thirty days of service after the termination date. After West Village and Preston Royal refused to pay, United filed suit.

The defendants moved for summary judgment contending the contracts unambiguously provided for termination "at will at any time upon notice from either party," and their notice terminated the contracts without further liability. United filed a response and cross-motion for summary judgment agreeing paragraph 8A is unambiguous, but arguing the contracts required thirty days' written notice prior to termination of the contract. The trial court granted the defendants' motion for summary judgment, awarded their request for attorneys' fees, ordered that United take nothing by its suit, and denied United's cross-motion for summary judgment. United appeals.

### III. Analysis

In its first issue, United contends the trial court's ruling violates the elementary rule of contract construction that all provisions of the contract be given effect and be harmonized. United contends there is one interpretation that gives effect and harmony to the entire contract: thirty days' notice is required before any termination. United also asserts that, if we find the contracts are ambiguous, we must remand this case for trial to resolve the ambiguity. Defendants argue the contracts unambiguously allow termination at any time, and assert that United's interpretation renders the termination at will at any time provision meaningless.

Whether a contract is ambiguous is a question of law for the court. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex.2003). A contract is not ambiguous if it can be given a definite or certain legal meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex.1996). When construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *J.M. Davidson, Inc.*, 128 S.W.3d at 229. A contract, however, is ambiguous when its meaning is uncertain and doubtful or when it is reasonably susceptible to more than one meaning. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). When the provisions of a contract appear to conflict, we will attempt to harmonize the two provisions and assume the parties intended every provision to have some effect. *See Edlund v. Bounds*, 842 S.W.2d 719, 726 (Tex.App.-Dallas 1992, writ denied) (when provisions of contract appear to conflict, they should be harmonized if possible to reflect intentions of parties, so entire agreement can be given effect). If we are unable to harmonize the provisions and give effect to all clauses, and the contract is susceptible to more than one reasonable interpretation, we will find the contract is ambiguous. *Royal Maccabees Life Ins. Co. v. James*, 146 S.W.3d 340, 347 (Tex.App.-Dallas 2004, pet. denied).

When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Coker*, 650 S.W.2d at 394; *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1980). A court may conclude that a contract is ambiguous even in the absence of such a pleading by either party. *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex.1993); *see Coker*, 650 S.W.2d at 392–94 (although both parties

asserted property settlement agreement was unambiguous and moved for summary judgment, supreme court concluded ambiguity existed).

Paragraph 8A of the contracts contains three different provisions concerning termination:

(1) The contract continues for the period indicated unless a notice to discontinue is sent thirty days before the end of the term.

(2) The contract may be terminated at will at any time upon notice from either party.

(3) The contract may be terminated by United immediately without penalty for an unsatisfactory payment pattern by client.

Termination under the first provision may be for any reason, but not at any time. Termination must be by written notice sent at least thirty days before the end of the term. As noted above, however, there is no term specified in these contracts. The second provision allows termination by either party at will at any time upon notice. The third provision allows United to terminate immediately without penalty (and apparently without notice) at its option if the client's payment history is unsatisfactory. Thus, the first and second provisions conflict; one cannot be given effect without rendering the other meaningless.

Paragraph 8A is subject to different constructions, but none gives effect to all of its provisions. It could mean that the contract can be terminated only on thirty days' notice by either party, but that United may terminate immediately without notice for unsatisfactory payment by the client. This construction, however, leaves the termination at will at any time provision meaningless.

In contrast, the paragraph could be construed to provide for automatic renewal of the contract "unless a notice in writing to discontinue is sent to either party at least thirty (30) days prior to the expiration of the term," and the second provision allows the parties to terminate the contract at will, at any time upon notice. The third provision is only an example of a cause of immediate termination. However, if the contract can be terminated at any time under the second provision, the first and third provisions are superfluous.

United argues that the word "notice" in the second provision (termination at any time) must mean thirty days' notice as used in the first sentence of paragraph 8A. While this may be one reasonable interpretation of the paragraph, it is not the only one. The language of paragraph 8A does not tie the term "notice" to a particular time period. Elsewhere in the contracts, "notice" is used in connection with different time periods, for example fifteen days; thus, "notice" used without a specified time period could reasonably mean no time period is required. The language that the contract may be terminated "at will *at any time* upon notice from either party" could reasonably mean that no time period is required after notice for the termination to be effective.

In *Coker* the supreme court considered conflicting provisions in a property settlement agreement. The conflict was whether a payment obligation was an individual liability of the husband or was limited to commissions to be received by the husband. *Coker*, 650 S.W.2d at 392–93. Some language in the agreement appeared to guarantee payment of a specific sum (paragraph 8), while other language indicated the obligation was merely an assignment of the right to receive commissions when paid (paragraph 5). *Id.* These provisions had to be considered together;

however, giving effect to the guarantee language (paragraph 8) would render the assignment of commission language (paragraph 5) surplusage. *Id.,* at 394. The court concluded paragraph 8 conflicted with paragraph 5 and "[t]his conflict creates an ambiguity as to the intent of the parties as expressed in the written agreement and the decree." *Id.*

We conclude the termination provisions in paragraph 8A are conflicting and we cannot harmonize those provisions while giving effect to the entire agreement. *See Royal Maccabees,* 146 S.W.3d at 347. Thus the contracts are susceptible of more than one reasonable interpretation. Therefore, we conclude the contracts are ambiguous and the parties' intent regarding the notice requirement for terminating the contract is a fact issue to be resolved by the trier of fact. Because the contracts are ambiguous, the trial court erred in granting summary judgment.

We sustain United's first issue in part, overrule its second issue, and do not reach the third issue regarding the award of attorneys' fees. *See* TEX.R.APP. P. 47.1. Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.