

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00261-CV

_____

RAMI BOUAJRAM, Appellant

V.

NANCY BOUAJRAM, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 18-5868-211

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

This is the second appeal from the underlying divorce proceeding between Appellant Rami Bouajram and Appellee Nancy Bouajram. The trial court signed its original divorce decree in October 2020, but after a new-trial order and a successful mandamus proceeding brought by Rami,[1] the trial court signed a corrected final decree (the First Corrected Decree) in December 2021. Both Rami and Nancy challenged the First Corrected Decree on appeal.[2] Overruling all of Nancy's issues and partially sustaining Rami's sole issue, we determined that the trial court had erred by omitting from the First Corrected Decree an income tax term contained in the parties' mediated settlement agreement (MSA).[3] Thus, we partially reversed the First Corrected Decree and remanded the case to the trial court solely for the purpose of rendering a new decree that incorporated that income tax term in a manner consistent with our opinion.[4] On remand, the parties presented the trial court with competing versions of a proposed decree incorporating the previously omitted income tax term. Ultimately, the trial court signed Nancy's version (the Second Corrected Decree).

---

[1]*See generally In re Bouajram*, No. 02-21-00072-CV, 2021 WL 3673856 (Tex. App.—Fort Worth Aug. 17, 2021, orig. proceeding [mand. denied]) (mem. op.).

[2]*See generally Bouajram v. Bouajram*, No. 02-22-00001-CV, 2023 WL 8820214 (Tex. App.—Fort Worth Dec. 21, 2023, no pet.) (mem. op.) (*Bouajram I*).

[3]*See id.* at *9–10, *14.

[4]*See id.* at *14.

Rami now appeals from the Second Corrected Decree, arguing in a single issue that the trial court failed to incorporate the income tax term in a manner consistent with our opinion in *Bouajram I*. Because we agree that the Second Corrected Decree is inconsistent with our prior opinion, we will modify the decree and affirm it as modified. *See* Tex. R. App. P. 43.2(b).

## I. BACKGROUND[5]

Nancy filed for divorce in July 2018. Rami filed a counterpetition in January 2020. Shortly thereafter, the parties signed the MSA and filed it with the clerk.

The MSA had two distinct parts. The first part (Part I), which the parties commonly called the "boilerplate" section, included an introduction that was followed by seven sections over eight pages. The second part of the MSA (Part II) was entitled "Further Agreements" and contained additional, more specific provisions relating to the parties' property division and to child custody issues.

The MSA had two provisions regarding the parties' federal tax liabilities. First, Part I had a section stating that each spouse would equally split any income tax refund resulting from the couple's taxes through the end of 2019, that each spouse would be

[5]We set forth this case's underlying facts and procedural history in *Bouajram I*. *See id.* at *1–3, *7–8. Therefore, we borrow many of the pertinent facts from it, adding or omitting details where appropriate. *Cf. In re Estate of Smith*, No. 02-24-00392-CV, 2025 WL 937483, at *1 n.1 (Tex. App.—Fort Worth Mar. 27, 2025, no pet.) (mem. op.) (borrowing relevant facts from prior opinion in the same case); *Love v. State*, No. 02-22-00203-CR, 2024 WL 3977223, at *1 n.2 (Tex. App.—Fort Worth Aug. 29, 2024, pet. ref'd) (mem. op., not designated for publication) (same).

3

responsible for half of all the couple's federal income tax liabilities through the end of 2019, and that each spouse would hold the other party harmless from half of any such tax liabilities (the indemnity term). Second, Part II had a section that stated, "Income Taxes due for 2018 and 2019: According to IRS rules and regulations" (the IRS regulations term).

In December 2021, the trial court signed the First Corrected Decree, which included the IRS regulations term but omitted the indemnity term. On appeal, Rami argued, among other things, that the trial court had erred by failing to include the indemnity term in the First Corrected Decree.[6] Applying general contract-interpretation principles, we agreed with Rami and held that although "the MSA reflects the parties' intent for the IRS regulations term to control with respect [to] 2018 and 2019 taxes," it "does not reflect an intent for the indemnity term to be entirely omitted from the decree."[7] Recognizing that "[t]he indemnity term applies generally to all years of the marriage through the end of 2019" but that "[t]he IRS regulations term is more specific as to 2018 and 2019," we held that "the trial court was required to . . . include the indemnity term in its decree" but that "to the extent" the indemnity term conflicts with the IRS regulations term, the IRS regulations term—as the more specific provision—would control for the 2018 and 2019 tax

---

[6]*Bouajram I*, 2023 WL 8820214, at *7.

[7]*Id.* at *10.

years.[8] Having overruled all of the parties' other appellate issues, we remanded the case to the trial court "solely for the purpose of rendering a decree that incorporates the indemnity term in a manner consistent with [our] opinion."[9] After neither party filed a petition for review with the Texas Supreme Court by the applicable deadline, our mandate issued, and this case was remanded to the trial court for the limited purpose set forth in our opinion.

On remand, the parties proposed competing versions of a revised decree incorporating the indemnity term. Nancy proposed a version that included the indemnity term for all of the years of marriage through 2017, but not for the 2018 and 2019 tax years. Rami objected and proposed a version stating that the indemnity term applied to all of the years of marriage through 2019 but that the IRS regulations term controlled for the 2018 and 2019 tax years to the extent that it conflicted with the indemnity term. Following a nonevidentiary hearing,[10] the trial court determined that Nancy's version was correct and signed the Second Corrected Decree.

---

[8]*Id.* at *9–10.

[9]*Id.* at *14.

[10]Rami sought to present evidence at this hearing to show that the indemnity term does not actually conflict with the IRS regulations term, but Nancy objected. The trial court ultimately ruled that the hearing would be nonevidentiary but allowed Rami to make an offer of proof as to the evidence that he would have presented. Although Rami contends in his briefing that the trial court erred by refusing to allow him to present evidence at this hearing, he posits that "the most efficient solution to this appeal" would be to modify the Second Corrected Decree to conform to our opinion in *Bouajram I* because the parties will have the opportunity to present evidence

5

At Rami's request, the trial court filed findings of fact and conclusions of law. This appeal followed.

## II. DISCUSSION

In his sole appellate issue, Rami argues that the trial court failed to incorporate the indemnity term in a manner consistent with our opinion in *Bouajram I*. We agree.

### A. Applicable Law

A mandate is an appellate court's formal command requiring a lower court to comply with the appellate court's judgment. *In re Guardianship of Jones*, No. 02-19-00187-CV, 2022 WL 3458736, at *4 n.4 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied.) (mem. op. on remand). When an appellate court issues its mandate, the trial court has a ministerial duty to comply with it. *Bell Helicopter Textron, Inc. v. Hous. Helicopters, Inc.*, No. 02-12-00037-CV, 2012 WL 5439025, at *2 (Tex. App.—Fort Worth Nov. 8, 2012, no pet.) (per curiam) (mem. op.); *accord Robertson v. Robertson*, No. 13-16-00309-CV, 2017 WL 6546005, at *6 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2017, no pet.) (mem. op.) (first citing Tex. R. App. P. 51.1(b); and then citing *Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 408 (Tex. 2016)). "The trial court has no

regarding the existence of an actual conflict in an enforcement proceeding under Chapter 9 of the Family Code. Rami alternatively asks us to remand the case for an evidentiary hearing on the actual-conflict issue, but because we agree that modification is the "most efficient solution," we decline his alternative request for remand. *See* Tex. R. App. P. 43.2; *see also Dahlberg v. Holden*, 238 S.W.2d 699, 704 (Tex. 1951) ("[T]he question of whether to render or remand is one regarding which appellate courts are given broad discretion.").

discretion to review or interpret the mandate." *Robertson*, 2017 WL 6546005, at *6. A trial court abuses its discretion by failing to fulfill its ministerial duty to comply with an appellate court's mandate. *Bell Helicopter Textron, Inc.*, 2012 WL 5439025, at *3 (citing *Dean's Campin' Co. v. Hardsteen*, No. 13-05-00468-CV, 2008 WL 3984161, at *10–11 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2008, pet. denied) (mem. op.)).

## B. Analysis

Here, we must decide whether the trial court complied with our mandate by "rendering a decree that incorporates the indemnity term in a manner consistent with [our prior] opinion." Stated differently, we must determine whether the Second Corrected Decree is consistent with our opinion in *Bouajram I*. We conclude that it is not.

In *Bouajram I*, we concluded that the MSA reflected the parties' clear intent that "[t]he indemnity term [would apply] generally to all years of the marriage *through the end of 2019*" and that the IRS regulations term would apply specifically to the 2018 and 2019 tax years. 2023 WL 8820214, at *9 (emphasis added). We also pointed out that Rami "d[id] not tell us how or if" the IRS regulations term actually conflicted with the indemnity term and noted that the record lacked sufficient information for us to make such a determination. *See id.* at *9 and n.6. Accordingly, we held that the trial court was required to include the indemnity term in its decree and that "to the extent" it conflicted with the IRS regulations term, the IRS regulations term—as the more

7

specific term—would "govern[]" for 2018 and 2019. *Id.* at *9–10. Thus, in *Bouajram I*, we clearly recognized that both the indemnity term and the IRS regulations term applied to the 2018 and 2019 tax years—creating a potential conflict—but we did not determine whether the two provisions actually conflicted with each other. *See id.*

Notwithstanding our clear recognition in *Bouajram I* that the indemnity term applied to the 2018 and 2019 tax years, the trial court's Second Corrected Decree provided otherwise, limiting the indemnity term's applicability to the period from the date of marriage through 2017. Accordingly, the Second Corrected Decree is inconsistent with our opinion.

Nancy asserts that because there is no need for harmonization absent a conflict between the two terms and because we agreed in *Bouajram I* that the indemnity term and the IRS regulations term can be harmonized, we implicitly determined that these two provisions actually conflict (and, by implication, concluded that the indemnity term—being less specific than the IRS regulations term—does not apply to the 2018 and 2019 tax years). But harmonization is a tool courts use to resolve *apparent*, not *actual*, conflicts. *See, e.g.*, *Smith v. Huston*, 251 S.W.3d 808, 823 (Tex. App.—Fort Worth 2008, pet. denied) ("When the provisions of a contract *appear* to conflict, we harmonize them, if possible, to reflect the intentions of the parties." (emphasis added)); *United Protective Servs., Inc. v. W. Vill. Ltd. P'ship*, 180 S.W.3d 430, 432 (Tex. App.—Dallas 2005, no pet.) ("When the provisions of a contract *appear* to conflict, we will attempt to harmonize the two provisions and assume the parties intended every

8

provision to have some effect." (emphasis added)); *see also Gray v. Crosby*, No. 02-24-00336-CV, 2024 WL 5083190, at *6 (Tex. App.—Fort Worth Dec. 12, 2024, no pet.) (mem. op.) (concluding that two apparently conflicting lease provisions did not actually conflict and were therefore "easily harmonized"). Thus, our recognition that the indemnity term and the IRS regulations term could be harmonized does not imply the existence of an actual conflict between the two provisions.[11]

In sum, because the Second Corrected Decree limits the indemnity term's applicability to the period spanning from the date of marriage through 2017, it is inconsistent with our opinion in *Bouajram I*. Accordingly, we sustain Rami's sole issue.

### III. CONCLUSION

Having sustained Rami's sole issue, we modify the "Federal Income Taxes" section on pages 57 and 58 of the Second Corrected Decree to read as follows:

---

[11]Because the issue of whether the indemnity term and the IRS regulations term actually conflict is one that should be decided in the first instance by the trial court and because this issue is not necessary to the final disposition of this appeal, we do not address it herein. *See* Tex. R. App. P. 47.1; *cf. In re Tri-County Elec. Coop., Inc.*, 2024 WL 3978167, at *4 (Tex. App.—Fort Worth Aug. 29, 2024, orig. proceeding) (mem. op.) (declining to address relators' individual discovery objections because it was "more appropriate for the trial court to consider each of those objections first"); *Murray v. Bankers Life Co.*, 299 S.W.2d 730, 733 (Tex. App.—Fort Worth 1957, writ ref'd) (declining to grant appellee's attorney's fee request because "the matter of fixing attorney['s] fees should in the first instance, be decided in the trial court"). In his briefing, Rami notes that he has filed a petition to enforce the decree. *See* Tex. Fam. Code Ann. §§ 9.001–.014. He suggests—and we agree—that this enforcement proceeding might provide an appropriate forum in which the trial court could adjudicate this issue.

IT IS ORDERED AND DECREED that NANCY BOUAJRAM and RAMI BOUAJRAM shall each be fifty percent (50%) responsible for all federal income tax liabilities of the parties allocable to the period from the date of marriage through December 31, 2019, and each party shall timely pay fifty percent (50%) of any taxes, penalties, and interest due thereon and shall indemnify and hold the other party and the other party's property harmless from the portion of such tax, penalty, and interest required to be paid by the indemnifying party unless that additional tax, penalty, or interest resulted from a party's intentional or fraudulent omission of income or intentional or fraudulent claim of erroneous deductions, in which case that party shall pay, and hold the other party and the other party's property harmless from, the additional tax, penalty, and interest allocable to the omitted income or erroneous deduction.

IT IS ORDERED AND DECREED that if a refund of tax or other amount is made for any year during the parties' marriage through December 31, 2019, each party shall be entitled to one half of the refund amount, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party to the extent of one half of the refund amount, and the party receiving the refund check shall pay to the other party one half of the refund amount within five days of receipt of the refund check. Each party is ORDERED to endorse the refund check on presentation by the other party.

IT IS ORDERED AND DECREED that the liability for income taxes due for 2018 and 2019 shall be according to IRS rules and regulations. To the extent that this paragraph conflicts with either of the preceding two paragraphs, this paragraph shall control.

We affirm the Second Corrected Decree as modified.


/s/ Mike Wallach
Mike Wallach
Justice


Delivered: July 10, 2025

10